### SCHUMPERT v. SOUTHERN RY.

1. PLEADINGS—MOTIONS TO MAKE DEFINITE—DEMURRER—NEGLIGENCE.—If a complaint states acts as being done both negligently and wilfully, defendant's remedy is by motion to make definite and not demurrer; but under Code of Civil Procedure, 186a, in actions *ex delicto,* acts of negligence and wilful tort may be commingled in one statement as causes of injury.

2. TORT—NEGLIGENCE.—MASTER AND SERVANT are jointly liable as joint tort feasors for the tort of the servant committed within the scope of his employment and while in the master's service.

3. REMOVAL OF CAUSES.—Can foreign corporation remove action against it and its servant for tort of servant to U. S. Court?

4. JURY—ARBITRATION.—Not error to instruct jury that "you are arbitrators."

5. TORT—CHARGE.—In view of the explicit instructions previously given the jury as to the liability of joint tort feasors, the use of the word "defendant" in reference to liability is not error.

6. CONTRIBUTORY NEGLIGENCE.—CHARGE excepted to did not eliminate the issue of plaintiff's contributory negligence.

7. JURY—NEGLIGENCE.—It is proper to leave to the jury whether the negligence alleged in the complaint caused the injury.

Before GARY, J., Newberry, March, 1902.    Affirmed.

Action by James C. Schumpert against Southern Railway Co. and John Hutchison.    From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellants, cites: *Plaintiff cannot allege that same act was both negligently and wilfully done:* 61 S. C., 170; 22 St., 693; 42 S. C., 114; 55 S. C., 90; 60 S. C., 73.    *As to the joint and concurrent liability of the defendants:* 179 U. S., 131; 1 Brev., 181; 9 Rich. L., 342; 2 Raym., 1007; 4 Term R., 589; 2 Fox & Smith, 200; Rice L., 162; 26 Fed., 50; 82 Fed., 790; 54 L. R. A., 649; 62 Me., 552; 13 R. I., 139; 5 Cush., 592; 72 Fed. R., 637; Pom. on Rem., secs. 307, 308; 73 Fed. R., 311; Bus. on Per. Inj., sec. 31; 114 Mass., 149.

*Messrs. Johnstone & Welch,* contra, cite: *As to the demurrer:* 64 S. C., 108; 22 St., 693; 47 S. C., 211. *Can master and servant be sued as joint tort-feasors for wrong done by servant in scope of employment:* Pom. on Rem., 333, 334, 363; 26 S. C., 484; 2 Brev., 407; 2 Add. on Torts, 562, 563, 566; 179 U. S., 139; 2 M. & R., 570; 3 East., 62, note; Rice L. R., 70; 113 Ga., 1099; 115 U. S., 43; 5 Cush., 592; Cool. on Torts, 2 ed., 142; Bus. on Per. Inj., sec. 45; Sher. and Rev. on Neg., 5 ed., sec. 248; 4 Wait's Acts and Defs., 405, 710; Wood on Master and Servant, 2 ed., sec. 325; 1 Estee on Plead., sec. 1834; 1 Chitty on Plead., 16 Am. ed., 97; 73 N. Y., 543; Broome's Legal Mat., 843, *et seq.;* 6 M. & W., 499; 5 Exch., 343; Dud. L., 272; 9 Rich. L., 93; 37 S. C., 380; 1 Add. on Torts, 587, 625; 2 Id., 552; 47 S. W. R., 615; 65 S. W. R., 13; 67 Id., 383; 37 N. J. L., 89; 3 C. P. Div., 121; 4 C. & P., 383; 4 Bam. & Crus., 223; 105 Fed. R., 449; 68 Ill. App., 448; 53 Ind., 337; 84 N. W. R., 1079; 19 Wend., 343; 30 N. Y., 78; 40 How. Pr., 456; 3 E. D. Smith (N. Y.), 591; 30 S. W. R., 450; 63 N. W. R., 93; 30 N. W. R., 922; 10 Eng. C. L., 223; 25 Id., 125; 12 Ency. P. & P., 789, note 1; Ham. on Por., 85, 86; Cooley on Torts, 2 ed., 142; 116 Fed. R., 215; 3 Moak, 312; 84 N. W. R., 1079; 2 Lev., 172. *Non-resident defendant can only remove cause when plaintiff voluntarily dismisses as to resident defendant:* 169 U. S., 92; 175 U. S., 635; 132 U. S., 599; 114 U. S., 635; 18 Ency. P. & P., 361.

March 16, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to recover damages for personal injuries sustained by him in a head end collision, at Belton, S. C., February 18, 1901, between two trains of the defendant company, on one of which plaintiff was engineer and on the other the defendant, Hutchison, was engineer. The Circuit Court, after trial and verdict, rendered judgment against both defendants for

$10,000, which is now sought to be reversed upon the following grounds:

1. Alleged error in refusing to sustain the demurrer to the complaint. For this question it will be sufficient to set out the 13th and 14th allegations of the complaint: "XIII. That the said loss, injury and damage to the plaintiff was caused in the following manner, to wit: 1st. In the failure of the defendant, Southern Railway Company, to properly make the air-brake attachments and connections upon train No. 68, after as before set out the several cars composing this train had been shifted at Williamston, and in thus failing to do its duty as laid down and prescribed in the rules of said company covering such matters, as it was in law duty bound to have done. 2d. In the use and occupancy by the Anderson Branch engine and cars of said main line upon the time and schedule of the regular train No. 68, without taking the necessary and required protections and precautions as prescribed in the said rules covering such matters and in the law the defendants were duty bound to have done. 3d. And in meeting train No. 68 with the said Anderson Branch engine and cars upon the said main line, when it was or should have been known that the said train was approaching the said station of Belton and was due to approach the same. XIV. That the aforesaid loss and injury and damage to the plaintiff done and occasioned in the manner aforesaid was caused by the joint and concurrent wilful misconduct, gross negligence and inattention to duty on the part of the defendants. * * *" The ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action, in that the complaint charges that the acts complained of were both wilful and negligent, this being an impossibility. When analyzed, this objection goes to the *manner* of stating traversable facts and not to any *omission* of an averment necessary to constitute a cause of action. Considered with reference to an action for wilful tort, the complaint states a cause of action, for the acts of wrong are stated and are characterized as wilful. Consid-

ered as action for mere negligence, a cause of action is stated,
for the acts complained of are stated and characterized as.
carelessly or negligently done.    The objection merely pre-
sents a case of repugnancy or inconsistency in the manner
of statement, and is to be remedied, if at all, by a motion to
make definite and certain, and not by general demurrer for
insufficiency, which, according to Bliss on Code Pleading,
sec. 413, is proper when the complaint "shows that no legal
wrong has been done, or that the law will not redress it, or
that the party has mistaken his remedy, or when there has
been an omission of some material averment necessary either
to establish the wrong or to so connect the parties with it as
to entitle the plaintiff to redress."    The act of 1898, now
incorporated in the Code of Civil Procedure as sec. 186a,
prevents from securing any very scientific method of plead-
ing in actions *ex delicto,* when two or more acts of negli-
gence or other wrongs are set forth in the complaint as
causing or contributing to the injury for which the suit is
brought.    Under this statute, acts of negligence and acts of
wilful tort may be commingled in one statement as causing
the injury, and the adverse party cannot require a separate
statement of such acts of negligence, or wilful tort or other
wrongs, nor an election upon which the plaintiff will go to
trial.    *Boggero* v. *Southern Ry.,* 64 S. C., 104; *Proctor* v.
*Southern Ry.,* 64 S. C., 494.

The exceptions to the refusal of the motion for nonsuit
and some of the exceptions to the charge raise the question
whether the master and servant are liable as joint tort feasors
for the tort of the servant committed within the scope
of his employment and while in the master's service.
The complaint alleged that plaintiff's injury was the
result of the "joint and concurrent wilful misconduct, gross
carelessness and negligence and inattention to duty on the
part of the said defendants."    The evidence tended to show
that the injury was occasioned by a collision between the
train on which the defendant, Hutchison, was engineer and
the train on which plaintiff was engineer, resulting from the

negligence or misconduct of Hutchison in moving his engine and train from the Anderson Branch line upon the main line, without protection against the regular freight train on which plaintiff was engineer, which at the time of the collision was within its time and due at any moment. A rule of the defendant company required that "engines working within these limits may use the main track, keeping out of the way of all regular trains, but they must not occupy the main track on the time of such regular trains, except under proper protection." There was some evidence tending to show, and the jury made special finding, that plaintiff was operating his engine and train with the care due under the circumstances, and that train No. 58, with Hutchison as engineer, was upon the main line without flagman and without protection, in violation of the rule and the custom. Appellants do not dispute the proposition that the master is liable for the negligence of the servant within the scope of his employment, nor do they dispute that the servant is also liable for his own tort. The contention is that there is no joint liability unless the master directs or is present, actively co-operating with the servant in the commission of the tort. There is undoubtedly some authority for this view, as shown by the cases cited in appellants' brief, and by reference to the citations found in 15 Ency. Pl. & Pr., 560, 561, and the note in 28 L. R. A., 441, 442. The leading case for such view is *Parsons* v. *Winshell,* 5 Cushing, 592, 52 Am. Dec., 745, wherein the Court held that master and servant are not jointly liable for servant's negligence in the master's absence in so driving a team as to cause an injury to another. In the view of that Court, "the act of a servant is not the act of the master, even in legal intendment or effect, unless the master previously directs or subsequently adopts it. In other cases he is liable for the acts of his servant, when liable at all, not as if the acts were done by himself, but because the law makes him answerable therefor." The principal reason assigned for this view is that if master and servant were made jointly liable, the master could not call on the servant for contribu-

tion in case he should satisfy the execution. But as it appears in the note to the case, cited in 52 Am. Dec., 748, the Massachusetts Court, in *Hewett* v. *Swift,* 3 Allen, 425, held that a joint action in the nature of trespass would be against a corporation and its servant for personal injury inflicted by the latter in discharging duties imposed by the corporation. *Parsons* v. *Winshell,* was an action on the case, and *Hewett* v. *Swift* was in trespass under common law pleadings, which made a distinction between the remedies for injuries with force and injuries without force. All such distinctions are abolished under the Code. With reference to the matter of contribution which is suggested as presenting a difficulty in the way of holding the master and servant jointly liable, Mr. Cooley in his work on Torts, at pages 144, 145, after stating the general rule as to contribution between wrongdoers, says: "But there are some exceptions to the general rule, which rest upon reasons at least as forcible as those which support the rule itself. They are of cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet as between themselves some of them may not be wrongdoers at all, and their equity to require the others to respond for all the damages may be complete. There are many such cases where the wrongs are unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others. A case in point is where a railroad company is made to pay damages for an injury caused by the carelessness of one of its servants. Here the injured party may justly hold both the company and its servants to responsibility, but the actual wrong, so far as it is one in the morals, is on the part of the servant alone, and the company is holden only through its obligation to be accountable for the action of those to whom it entrusts its business. As between the company and its servant, the latter alone is the wrongdoer, and in calling upon him for indemnity, the company bases no claim upon its own misfeasance or default, but upon that of the servant himself." Furthermore, the reason assigned in the Massachu-

22—65

setts case, that the act of the servant is not the act of the master, even in legal intendment or effect, unless the master directs or adopts it, is not consistent with the liability of the master for the acts of the servant, as held in this State.    In *Rucker* v. *Smoke, 37* S. C., 380, the ground of the master's liability is thus stated: "When one person invests another with authority to act as his agent for a specified purpose, all of the acts done by the agent in pursuance or within the scope of his agency are and should be regarded as really the acts of the principal.    If, therefore, the agent, in doing the act which he is deputed to do, does it in such a manner as would render him liable for exemplary damages, his principal is likewise liable, for the act is really done by him."    By legal intendment and effect the act of a servant within the scope of his agency is the act of the master.    In such case there is a legal identification of the master and servant.    In the case of a railroad corporation, which owes important duties to the public or those affected by its operation, and which cannot act, except through agents, there is the strongest reason for holding that with respect to acts done in its service by the agents within the scope of their employment, the corporation is present acting through its agents.    *"Qui facit per alium facit per se."*    The servant is liable because of his own misfeasance or wrongful act, in breach of his duty to so use that which he controlled as not' to injure another. The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency.    Both are liable jointly, because from the relation of master and servant they are united or identified in the same tortuous act resulting in the same injury.

.Some of the cases, in discussing the liability of the servant to a third person, make a distinction between nonfeasance and misfeasance of the servant, but all agree that the servant is liable for his acts of misfeasance.    Inasmuch as the acts of the servant in this case were clearly misfeasance, no occa-

sion arises here for noticing the distinction. Among the authorities that may be cited in support of the view that master and servant are jointly liable for the misfeasance of the servant acting within the scope of the agency, are Cooley on Torts, 142; *Wright* v. *Wilcox,* 19 Wend., N. Y., 343; 32 Am. Dec., 507; reaffirmed in *Phelps* v. *Wait,* 30 N. Y., 78; *Greenberg v. Whitcomb Lumber Co.,* 90 Wis., 225, reported also in 48 Am. St. Rep., 911, and in 28 L. R. A., 439, where the cases *pro* and *con* are cited in the notes at page 441; *Winston's Admr.* v. *Illinois Central R. R. Co.,* 65 S. W. Rep., 13, 55 L. R. A., 603. Both in the motion for nonsuit and in the requests to charge, which were declined, appellants contended that the plaintiff having alleged a joint and concurrent tort of the defendants, the defendant, Southern Railway Company, has thereby been deprived of the right existing under other circumstances of removing this cause to the United States Court, and, therefore, to sustain the action, he must prove that the acts complained of were the joint and concurrent negligence of the defendant. This matter has already been disposed of by what has been said as to the joint liability of the defendants. We may add, however, that no question of the right of removal was involved in the case in any shape or form, and it would have been improper for the Court or jury to have let such matter enter into their consideration. Even if there had been any claim of the right of removal on the ground that there was a separable controversy with a foreign corporation, it would have been properly denied. *Powers* v. *Chesapeake &c. R. R. Co.,* 169 U. S., 92; *Chesapeake &c. R. R. Co.* v. *Dixon,* 179 U. S., 131. The nonsuit was properly refused, and the requests to charge involving the question just discussed were properly denied.

3. It is excepted that the Court erred in charging the jury as follows: "You are here as arbitrators to arbitrate the differences between these citizens of South Carolina." The error assigned being that jurors are not arbitrators but constitutional triers of issues of fact. We

fail to see any force in the objection. It is the duty of an arbitrator as well as a juror to investigate and determine the matter in controversy.

4. It is excepted that the Court erred in charging the jury as follows: "Has he been damaged through the negligence of the defendant company—if so, what damages has he sustained?" The error assigned being (1) that the issue was whether he had been injured by the joint and concurrent tort of *both* defendants; (2) that such charge eliminated the issue of the plaintiff's contributory negligence. This exception is without merit. The use of the singular "defendant" instead of the plural "defendants," was a mere harmless slip of the tongue, in view of the express instructions of the jury in other portions of the charge. Nor did the Judge's charge eliminate the question of contributory negligence. One extract from the charge will dispose of both of these objections, as follows: "The jury will ascertain, first, has he been damaged through the negligence of the railroad and John Hutchison; and, if so, what injury has he sustained? Then you will inquire, did he contribute to the injury himself, because I charge you as a matter of law in the outset, that if the injury was the result of plaintiff's own want of care, proper care, that his want of due care contributed to his own injury, he could not complain of the defendant company nor of the defendant, Hutchison; in that event he would be said in law to have brought about his own injury, and he would be held responsible."

5. The exception assigning error in refusing defendants' ninth request to charge is based upon a misapprehension, as the case at folio 459 shows that such request to charge was not refused, but charged as requested.

6. There was no error in refusing defendant's fourteenth request to charge, which was as follows: "Plaintiff having alleged in paragraph 6 that owing to the distance between the engines when he first saw the branch engine and to the speed of his train and the air-brakes, he could

have prevented the collision but for the alleged failure of the air-brakes to work, he cannot claim that the negligence alleged in paragraph 7 caused the collision." Whether the negligence alleged in the complaint caused the collision and injury, was properly left to the jury for determination.

The judgment of the Circuit Court is affirmed.