CHILES v. SOUTHERN RAILWAY.

LITES v. SOUTHERN RAILWAY.

PRESSLY v. SOUTHERN RAILWAY.

1. EVIDENCE—SECONDARY—RAILROADS—TICKETS.—Proof that tickets were delivered to the superintendent of a railroad company and that accounting department of the company could not find them, is sufficient proof of loss to admit secondary evidence of their contents.
2. EVIDENCE—AGENCY.—General passenger agent of one railroad may testify that in selling a ticket, his road acted as the agent of another.
3. AGENCY.—Accepting a ticket sold by one railroad is some proof that selling road acted as agent of accepting road in sale of ticket
4. EXEMPLARY DAMAGES—JURY.—That a conductor knows that a railroad agent made a mistake in the limit of a ticket, and required the passenger to pay additional fare under threat of expulsion, is sufficient to go to the jury on claim of exemplary damages.
5. DAMAGES—COMPENSATORY—EXEMPLARY.—Judge did not instruct jury that compensatory damages may be allowed in an action for wilful tort, when that is not established, but that in actions for wilful tort, wilfulness being established, both compensatory and punitive damages may be allowed.
   *Aaron* v. *Ry.*, 68 S. C., 98, criticised.

Before DANTZLER, J., Abbeville, October, 1903. Affirmed.

Three actions by (1) J. H. Chiles, (2) T. C. Lites, (3) H. D. Pressly, against Southern Railway. From judgments for plaintiffs, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Sale of ticket over one railroad good over another, does not make a joint contract:* 21 S. C., 35; 38 S. C., 429; 25 Ency., 1085; 2 Redf.

R. R., sec. 201; Hutch. Carr., sec. 580. *Party knowing limitations of special agency is bound thereby:* 27 S. C., 134; 10 Rich., 336; 3 Thomp. on Neg., sec. 2587; 53 Tex., 364; 8 Sup. Ct. R., 1324.

*Messrs. J. Fraser Lyon* and *Wm. P. Greene,* contra, cite: *When secondary evidence of contents of tickets may be admitted:* McKelvey on Ev., 247, 347; 10 Wall., 125; 38 S. E. R., 123. *As to agency in sale of tickets:* Tiff. on Ag., 46; 28 A. & E. R. R., 114; 18 Id., 345; 26 Id., 263; 35 L. R. A., 600; 2 Red. on Rys., sec. 201; 4 Am. R., 588. *Defendant is bound by the contract and not by erroneous limits on ticket:* 39 S. E. R., 766; 46 L. R. A., 616; 26 A. & E. R. R., 264; 37 Id., 94; 64 S. C., 510; 65 S. C., 317. *Master is liable for wilful tort of servant without authority:* 68 S. C., 55, 89; 65 S. C., 342, 341. *Party may testify that he performed acts as agent of another:* 59 S. C., 135; 4 McC., 412.

June 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   These three cases, which were tried together, depend on the same facts and involve the same questions of law.

The following is a statement of so much of the testimony on the part of the plaintiffs as seems to be undisputed.   On May 6, 1902, the plaintiffs purchased tickets from the agent of the Charleston and Western Carolina Railway Company at McCormick, which were understood by all parties to be good for a trip to Charleston and return over the Charleston and Western Carolina Railway and the Southern Railway, within a limit of three days.   The agent by mistake indicated by his punch that the tickets were limited to the 7th instead of the 9th of October.   The plaintiffs, on the 9th of October, tendered the tickets to the conductor of a Southern Railway train for return passage from Charleston to Branchville.   The conductor with courtesy refused the tickets, and required the plaintiffs to pay regular fare and

twenty-five cents excess, saying that the agent at McCormick had made a mistake, and that he had no discretion to accept the tickets held by the plaintiffs, and that he would have to put them off if they did not pay.

The plaintiffs alleged that the refusal to accept their tickets and the exaction of the payment of the regular fare and twenty-five cents excess by the threat that they would be ejected unless the demand was complied with, was a wilful, wanton and malicious violation of their rights. The jury rendered a verdict of $500 damages in each case.

On the trial the principal questions were, whether the Charleston and Western Carolina Railway was the agent of the Southern Railway in the sale of the tickets, and sold them for the joint account of the two roads; and whether there was any evidence upon which a verdict for punitive damages could stand. A motion for nonsuit was made on the ground that there was a total failure of proof on both these issues.

We shall try to make clear the questions involved in the appeal without quoting the numerous exceptions.

There was no error in allowing parol evidence of the contents of the tickets. The tickets were turned over to the superintendent of the Charleston and Western Carolina Railway, and its general passenger agent testified the accounting department of that company had not been able to find them, and that it was probable they had been destroyed. It is ordinarily a question for the presiding Judge to determine, in his discretion, when sufficient proof has been offered of the loss of a paper to warrant parol proof of its contents. The proof of loss in this case seems as strong as the plaintiffs could be expected to offer.

On the subject of the agency, Ernest Williams, general passenger agent of the Charleston and Western Carolina Railway Company, testified: "In selling tickets at points along the line of the Charleston and Western Carolina Railway to Charleston, S. C., and return, in May, 1902, via Augusta, Ga., and Southern Railway, the Charleston and Western Carolina Railway were acting as agents

of the Southern Railway Company as to passage between Augusta and Charleston." This evidence was competent. Declarations of an alleged agent to a third party are not admissible to prove agency as against the principal. But a witness may testify to his own appointment to an agency, or the appointment of the company with which he is connected. *Connor* v. *Johnson,* 59 S. C., 134, 37 S. E., 240. There was, therefore, evidence of agency—of the authority of the Charleston and Western Carolina Railway Company to issue through its agent at McCormick tickets such as the plaintiffs contracted for, binding in all respects on the defendant when the plaintiffs reached its road. But aside from this, the defendant subsequently recognized the obligations assumed for it to the plaintiffs when the tickets were issued. The motion for nonsuit could not, therefore, be sustained on the ground that there was no evidence of authority to the selling company from the defendant to bind it by tickets over its road of the kind here under consideration.

The defendant submits the nonsuit should have been granted on its fourth ground, which was as follows: "There is absolutely no testimony of any wilfulness, wrongfulness or wantonness, such as would entitle the plaintiff to punitive damages."

Here the proof was that the conductor knew the mistake had been made by the agent, and that the plaintiffs were really entitled to passage on their tickets; yet, under the orders of the defendant, as laid down in its rules, he required of them that they pay their fares or leave the train. The testimony was to the same effect in *Myers* v. *Ry. Co.,* 64 S. C., 514, 42 S. E., 598, and the Court held it sufficient to go to the jury on the claim for punitive damages. In that case the law is thus laid down: "If defendant's agent, conscious of plaintiff's right as passenger, nevertheless invaded that right by exacting and coercing an unlawful payment of money under threat of expulsion from the train, his conduct was wilful or wanton, such as would sub-

ject defendant to exemplary damages." The motion for nonsuit was, therefore, properly refused.

The presiding Judge charged the jury the plaintiffs could not recover, if they found the agent who sold the ticket was not the agent of the defendant, or, being such agent, he had acted beyond the scope of his agency, and, therefore, there is no basis in the charge for the alleged errors submitted in the seventh and eighth exceptions.

In the tenth exception it is alleged, the Circuit Judge charged that compensatory damages may be allowed in an action for wilful tort, though the plaintiff fail to establish that the tort was wilful. On this point the presiding Judge said: "If you find that the plaintiffs, or either of them, are entitled to recover in this case, while you can award such an amount as will compensate them for any damage they might have sustained, but to award any punitive damage, you must first conclude that the acts were committed unlawfully, wilfully, wantonly and maliciously; you must determine that fact. If you find they were not, then you cannot find for the plaintiffs, or either of them, in this case; if you find they were, then you can find such damages as will compensate them, or either of them, for any wrong sustained by them, or such damages as will deter the defendant company and others from committing like acts, if you find that such acts were committed as alleged in the complaint in this action." We do not think this language can bear the meaning placed on it by the defendant. But if there was any uncertainty on the point, it was entirely removed when the Circuit Judge charged the defendant's first request in these words: "This is an action based on an alleged wilful tort, and recovery can be had only on that basis." In this connection it should be stated that in the case of *Aaron* v. *Ry. Co.,* 68 S. C., 98, the plaintiff alleged a wilful and wanton tort, but failed entirely to prove the allegations of wilfulness and wantonness, and he could not, therefore, recover damages of any kind. Hence the judgment of this Court sustaining the nonsuit was right. The following remark,

however, made in that case by the writer of this opinion is an erroneous statement of the law: "The alleged wrongful and unlawful acts being described as wanton and wilful, if the plaintiff could recover at all, the verdict could only embrace punitive and not compensatory damages." It is believed the inadvertent error was too obvious to mislead. It is well established that under the allegation and proof of a wilful tort, compensatory as well as punitive damages may be proved and recovered.

The point raised by the eleventh and twelfth exceptions has been settled by numerous decisions of this Court from *Schumpert* v. *Southern Railway Company,* 65 S. C., 332, 43 S. E., 813, to *Reeves* v. *Southern Railway Company,* 68 S. C., 89.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.