### WILSON LUMBER CO. v. D. W. ALDERMAN & SONS CO.

DAMAGES—PUNITIVE—VERDICT.—In an action solely for a wilful tort a verdict alone for compensatory damages may be awarded and will not be set aside and judgment entered for losing party on his motion.

Before WATTS, J., Florence, Fall Term, 1905. Affirmed.

Action by Wilson Lumber Co. *v.* D. W. Alderman & Sons Co., J. F. Cole and H. P. Jordan. From judgment for plaintiff, defendants appeal.

*Messrs. Wilson & DuRant, S. W. G. Shipp, Galletly & Ragsdale and Walter H. Wells,* for appellant, cite: 64 S. C., 491; 66 S. C., 544; 8 Ency., 544, 542; 61 S. C., 185; 65 S. C., 127; 69 S. C., 115, 164; 1 Am. Neg. R., 16.

*Mr. W. C. Benet* and *Wilcox & Wilcox,* contra, cite: 60 S. C., 57; 57 S. C., 234; 35 S. C., 475; 64 S. C., 494; 69 S. C., 332.

October 15, 1906. The opinion of the Court was de-livered by

Mr. Justice Jones. The complaint in this action alleged a wilful tort by the defendants in destroying a section of railroad track on the land of Maggie Jones, in Florence County, whereby a number of plaintiff's cars were thrown from the track and wrecked with their contents of freight, and endangering the lives of the railroad crew, to plaintiff's damage $50,000. The defendants interposed as a defense that the rails and ties were removed without any intention to injure plaintiff, but for the sole purpose of removing an unlawful obstruction on the exclusive right of way of D. W. Alderman &. Sons Co., and of protecting the same against the trespass of plaintiff in defiance of the injunction of the Court in the case of Alderman & Sons *v.* Wilson. The jury first brought in the following verdict: "We find for the plaintiff the amount of actual damages and demurrage and costs of Court expenses." Judge Watts instructed the jury that the verdict should express some specific amount as actual damages and that the costs would follow the ver-dict. The jury retired and soon returned with the following verdict: "We find for the plaintiff the amount of $1,000." Thereafter during the term defendants moved for an order dismissing the complaint and for leave to enter judgment in favor of defendants against plaintiff upon the ground:

"That the foundation of the plaintiff's cause of action set out in the complaint, is an alleged reckless, wilful, wanton and malicious tort alleged to have been committed by the defendants; and the verdict of the jury negatives the charge of recklessness, wilfulness, wantonness and malice, is a find-ing in favor of the defendants and against the truth of the said charge, and amounts to an acquittal of the defendants."

Judge Watts refused the motion and defendants' excep-tions question the correctness of the Court's action, raising the question whether in an action solely for a wilful tort a verdict for actual compensatory damages alone can be

awarded.    We have no hesitation in answering this question in the affirmative, especially when, as in this case, the party complaining is the party against whom the verdict is rendered.

In an action based upon ordinary negligence, plaintiff can only recover compensatory damages, but in an action based upon a wilful tort plaintiff may recover not only punitive damages, but also compensatory damages, provided he proves a wilful tort.    *Proctor* v. *Ry.*, 61 S. C., 187, 39 S. E., 351; *Chiles* v. *Southern Ry.*, 69 S. C., 332, 48 S. E., 252. It is also well established that plaintiff is entitled to punitive damages as matter of right, and that it is not within the discretion of a jury to refuse such damages, when a case is made out which justifies a verdict for punitive damages. *Griffin* v. *Ry.*, 65 S. C., 127, 43 S. E., 445; *Dagnall* v. *Ry.*, 69 S. C., 115, 48 S. E., 97; *Beaudrot* v. *Ry.*, 69 S. C., 164, 48 S. E., 106.

The appellants consider these as established rules, but build their contention on a misapplication of them.    The fallacy in appellant's position is in assuming that a verdict for actual or compensatory damages in an action for wilful tort is a special finding that there was no wilful wrong, on the presumption that if there had been proof of wilfulness the jury would have awarded also punitive damages.    But a Court has no authority to write into a verdict any special findings not fairly embraced in it, and especially cannot deduce from a verdict a special finding wholly inconsistent with its terms.    This is a verdict for the plaintiff in an action for a wilful tort upon explicit instructions that the plaintiff could not recover unless a case of wilfulness was established. The following instructions were given at defendant's request:

"8th. If the defendant's purpose in removing the track of the plaintiff was simply to protect the said right of way of D. W. Alderman & Sons Company, and to remove an unlawful obstruction therefrom, and it was not done in such a manner as to convince the jury by the preponderance of the

evidence that it was the purpose and intention of the defendants thereby to wreck the plaintiff's train, or injure its property or the persons of its servants and agents, the plaintiff cannot recover.

"9th. The foundation of this action is the wanton, wilful and malicious and intentional injury, or attempted injury, by the defendants of the property of the plaintiff, or the persons of its servants or agents, and this must be established by the plaintiff by the preponderance of the evidence, or it cannot recover.

"10th. The plaintiff cannot recover by showing that the acts of the defendants in removing the track of the plaintiff from the said right of way of D. W. Alderman & Sons Co. was done in a negligent, or even in a grossly negligent, manner, unless such negligence was so gross as to show a wanton, wilful and malicious intention to injure the plaintiff's property or servants, or a reckless disregard of the ordinary instincts of humanity, or amounts to a reckless disregard of human life."

Under such instructions we are bound to assume that the jury found that defendant's conduct was wilfully wrong, assuming that the final verdict under the circumstances was intended to give only compensatory damages, the failure to give plaintiff punitive damages also was not prejudicial to defendants and, therefore, was not such a verdict as defendants have a right to question on that ground. To grant defendant's motion would involve the anomaly of giving judgment for defendants when the verdict was for the plaintiff.

The judgment of the Circuit Court is affirmed.