8743

## GREER v. WESTERN UNION TEL. CO.

TELEGRAPH Cos.—An action for damages for failure to deliver a telegram relating to sender's attending a funeral which rests on the probable action of sender as to postponing the funeral should be dismissed.

Before SHIPP, J., Greenville.   Reversed.  ·

Action by Rowena Greer against Western Union Telegraph Co.   Defendant appeals.

*Messrs. Geo. H. Fearons, Haynsworth & Haynsworth* and *John Gary Evans,* for appellant.   *Mr. John Gary Evans* cites: *The damages claimed being dependent on an intervening human agency, plaintiff cannot recover:* 70 S. C. 418; 27 Ency. 1075-6; 37 Cyc. 1758; 72 S. E. 78; 71 S. C. 29; 54 S. W. 852; 16 N. E. 75; 50 S. E. 279; 124 U. S. 444; 154 Ill. 499; 72 S. C. 516; 77 S. C. 174; 70 S. C. 422. *There must be notice of special damages:* Jones 505; 65 S. C. 490; 25 S. C. 68; 39 S. C. 430; Sherman and Redfield, sec. 435; 8 Ency. 620; 69 S. E. 818. *Punitive damages not recoverable where explanation of delay was full:* 65 S. C. 99; 72 S. C. 264; 73 S. C. 386, 522; 77 S. C. 148; 78 S. C. 109; 79 S. C. 160; 83 S. C. 12; 84 S. C. 59, 160; 87 S. C. 320; 82 S. C. 87.

*Messrs. McCullough, Martin & Blythe,* contra, cite: *Failure to mail telegram justifies inference of wilfulness:* 84 S. C. 2.   *There is ample evidence from which wilfulness may be inferred:* 95 S. C. 539; 84 S. C. 477.

. March 16, 1914.    The opinion of the Court was delivered by

MR. JUSTICE GAGE.    Action under the mental anguish statute; a verdict for plaintiff; defendant appeals.    There are nine exceptions, but one issue, and that of law.

The plaintiff was at Columbus, Georgia; she was advised there of the death of her father at Honea Path, South Carolina.

The plaintiff sent to Honea Path two telegrams, neither of which was delivered.

The first went from Columbus, and it advised her brother thus: "Am in Columbus.    If make connections, will arrive tomorrow morning."

The second went from Gainesville, a town some fifty miles east of Atlanta, and it advised her brother thus: "I will not get there.    Wreck on road."

The plaintiff arrived at Honea Path at nine o'clock p. m.; the funeral had occurred at four o'clock p. m. the same day.

The sole contention of the plaintiff is this: if the telegram had been delivered, then the sendee, who was plaintiff's brother, would have gotten into communication with her and could have delayed the funeral until her arrival.

The sole answer of defendant is this: the intervention of possible action by the sendee makes speculative the subsequent events.

In our opinion the answer is well made.

It is true the defendant was guilty of negligence, and it may be of wilfulness; but the plaintiff had abandoned her purpose to get to the funeral, and so advised her brother. Her mind had settled the issue of her presence, and could only be changed by the action of her brother, which, like all action to be had, was uncertain.    That which the sendee might do, could not put the defendant at outs with the plaintiff.

If the sendee had read the second telegram and rested with its statement, then there would be no wrong to plaintiff.

If the sendee had read the second telegram and acted to postpone the funeral, then the sendee's action would not create any wrong to plaintiff.

So plaintiff's right would rest on what the sendee might have done, and not on what the defendant did.

The judgment of the Court below is reversed and the complaint dismissed.

MR. JUSTICE FRASER *concurs in the result.*