9081

ROBINSON v. WESTERN UNION TEL. CO.

(85 S. E. 436.)

TELEGRAMS. DELIVERY. WILFULNESS. DAMAGES. CHARGE. NEW TRIAL. ABUSE OF DISCRETION.

1. TELEGRAMS—DELIVERY—WILFULNESS.—An inference that a messenger boy entrusted with delivering a telegram was wilfully disregardful of his duty may be drawn from evidence, that when in the neighborhood where the addressee lived, he went off without asking information as to where the addressee could be found, although he met persons who told him they knew every one in the neighborhood, and would have directed him to the addressee sought, had the messenger made inquiry.

2. DAMAGES—CHARGE.—A charge that where there is a wilful invasion of a plaintiff's rights, the law presumes some actual damages sufficient to sustain a verdict for punitive damages is error; as some actual damages, however small, must be alleged and proved.

(MR. JUSTICE GAGE, dissenting, approves charge.)

3. NEW TRIAL—ABUSE OF DISCRETION.—It is not an abuse of discretion to refuse a new trial, where the Court and jury differ as to the credence to be given testimony of witnesses, or the inferences to be drawn therefrom.

Before PRINCE, J., Camden, March, 1914.   Reversed.

Action by J. C. Robinson against Western Union Telegraph Company.   From judgment for plaintiff, defendant appeals.   The facts are stated in the opinion.

*Messrs. George H. Fearons* and *Nelson, Nelson & Gettys,* for appellant, submit: *There was ·no evidence to show wilfulness:* 76 S. C. 249; 84 S. C. 67; 84 S. C. 54.   *Charge as to damages:* 77 S. C. 56; 97 S. C. 385; 86 S. C. 242.

*Mr. B. B. Clarke,* for respondent, relies upon 97 S. C. 385.

April 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for actual and punitive damages for failure by the defendant to deliver a telegram to the plaintiff, announcing the serious illness of the plaintiff's daughter. The jury found only punitive damages.

There are twelve exceptions, some of which were abandoned. The appellant argues only three questions.

1. Was there any evidence to sustain a verdict for punitive damages?

2. Can a verdict for punitive damages be sustained where there are no actual damages?

3. Was it any abuse of discretion to refuse to set aside a verdict in a case in which the trial Judge said he did not believe the testimony of the witnesses upon whose statement the verdict must have been based?

1    Was there any evidence to sustain a verdict for punitive damages?

There was evidence that a messenger boy carried the telegram to the neighborhood in which the plaintiff lived, and there met two men, one of whom was the son-in-law of the plaintiff. That they told him that they knew every one in the neighborhood and either of them could and would have directed him to the plaintiff, but the messenger went off with the telegram undelivered, without asking for any information.

If the jury believed that statement, they might infer from it a wilful disregard of duty.

The exception that raises this question cannot be sustained.

2    Can a verdict for punitive damages be sustained where there is no actual damages?

There is supposed to be a conflict between the case of *Doster* v. *Tel. Co.,* 77 S. C. 56, 57 S. E. 671, and *Bethea* v. *Tel. Co.,* 97 S. C. 385, 81 S. E. 675.

The Doster case states plainly that some actual damage, it may be nominal, is necessary to support a verdict for punitive damages. This is in accordance with the Bethea case.

It need not appear in the verdict, but it must exist.    It may be only nominal; it may be so small as to be negligible, and need not appear in the verdict, but some actual damages, however small, must be alleged and proved.

The presiding Judge charged the jury that where there is a wilful invasion of plaintiff's rights, the law presumes some actual damage, sufficient to sustain a verdict for punitive damages; that if the plaintiff learned of his daughter's illness in time to be with her before her death (the basis of actual damages) then he could recover nothing for actual damages.    But, if the failure to deliver the telegram was wilful, then the law presumes actual damages and they might give a verdict for punitive damages.    This was error, and the exceptions that raise this question must be sustained.

Was it an abuse of discretion to refuse to set aside a verdict in a case in which the trial Judge said he did not believe the testimony of the witnesses upon whose statements the verdict must have been based?

To this question the answer is, it is not an abuse of discretion.    The jury is presumed to know the witnesses and the Judge is not.    It would rob the jury trials of all of their safeguards if the Court should hold that it will reject all judgments based upon statements that do not accord with the individual opinions of the members of this Court, as to what a man would do under a given set of circumstances, or that men do not act unreasonably, or it may be do not sometimes act foolishly.

The exception that raises this question cannot be sustained.

Judgment appealed from is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.*    I dissent from that single view upon which this Court orders a new trial.

Both in the Doster case and in the Bethea case the verdict was like that in the instant case, that is expressly for punitive damages.

In these cases the verdict was sustained because the Court thought there was testimony which tended to prove some actual damage and the jury must have intended to include that small damage in the larger finding for punitive damages.

In the case at bar there was like testimony, and the verdict might have been sustained but for the charge of the Court. The Court did charge the jury that "punitive damages will not lie where there is no injury." But the Court went further and charged that in a case of wilful invasion of a right, injury is presumed.

The Court only told the jury it might do that which it was assumed by this Court the jury actually did in the Doster and Bethea cases.

In no transaction, it is true, may there be a recovery for tort unless some hurt has been done. Wrong and hurt must unite to make a case. But hurt may be actual or it may be presumed. The doctrine is thus stated by a great Judge and author: "There are many cases in which in point of fact a showing of pecuniary damage is impossible, and some where it would be easy to show that none had been sustained, in which nevertheless the law adjudged that a tort has been committed * * * The ground of liability is that every distinct invasion of right some damage is presumed; and the law, therefore, makes some award, though no damages are proven, and none are susceptible of proof." Cooley on Torts, page 63.

An English Judge (Buller) put it this way, "the *right* has been injured."

This Court has declared "punitive damages are recoverable when there has been an intentional invasion of the plaintiff's rights (as in the instant case) although the damages sustained by him are *nominal*. If this was not the law, a wrongdoer would in many cases escape pecuniary punish-

ment for his wilful or reckless conduct." *Arial* v. *W. U. Tel. Co.,* 70 S. C. 424, 50 S. E. 6.

But nominal damages are not actual damages, they are constructive; they follow, of course, the intentional infraction of a plain right, hurt or no hurt. See Cyc. 14, and cases cited; Black's Dictionary, pp. 314, 821.

I think the Circuit Court charged the law right, and the judgment ought to be affirmed.