9495

GREER v. WESTERN UNION TELEGRAPH CO.

(89 S. E. 782.)

JUDGMENT—RES JUDICATA—CAUSE OF ACTION FROM SAME TRANSACTION. —Judgment for defendant, in an action under Civ. Code 1912, sec. 3330, for mental anguish from defendant's failure to deliver a telegram, is a bar to action for any common law cause of action for wilful failure to deliver the telegram; as the same transaction may not be split into several suits.

Before MEMMINGER, J., Greenville, Spring term, 1915. Reversed.

Action by Rowena Greer against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals.

*Messrs. John Gary Evans, Haynsworth & Haynsworth,* and *Albert T. Benedict,* for appellant.

---

FOOTNOTE.—See *Emory v. Hazard Powder Co.,* 22 S. C. 476, distinguishing causes of action from remedies.

*Messrs. Martin & Blythe,* for respondent.

August 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been hither once before, 96 S. C. 423, 81 S. E. 517.   It comes on a new complaint and for a trial *de novo,* but the transaction out of which both trials arose is practically the same.

The present contention of the plaintiff is that the cause now up is a suit at common law, and puts in issue only the wilful conduct of the defendant, arising out of its failure to transmit and deliver to a certain person at Anderson, S. C., a prepaid telegram, which she sent to him from Gainesville, Ga.   That issue, the plaintiff contends, was expressly not decided in the first case above referred to; but the plaintiff contends the issue was made in the pleadings of the first action.   The telegraph company demurred to the complaint in the second action, and the Circuit Court (Judge DeVore) overruled the demurrer.   The Circuit Court thought this Court had only decided that the plaintiff had not proved a case under the mental anguish statute.   Thereupon at a subsequent term the ·Circuit Court (Judge Memminger) properly esteemed himself bound by the order of the Judge who had preceded him, and he sent the cause to a jury, and the jury found a verdict for 70 cents actual damages and $750 punitive damages.   The Court expressed great doubt about the legality of the verdict, reduced it to $250 "in the interest of settling litigation," and stated that but for the prospect of thereby ending the case the verdict would have been set aside.   The appeal is from the action of the Circuit Court at the two terms referred to.   The exceptions are in detail.   They will not be so considered, but we hope to include all the issues made by them.

The writer of this opinion concedes that the Circuit Court may have been embarrassed by his failure in the opinion heretofore written to have more fully discussed the complaint in the first suit.

1. The complaint in the two actions are in certain parts of them largely identical, yet there are allegations in the complaint of the second action which are widely different from those in the complaint of the first action. It plainly appears from the complaint of the second action that the plaintiff sues, and sues alone, at common law for the wilful failure of the telegraph company to transmit and deliver a prepaid telegram sent by her from Gainesville to Anderson. The complaint in the first action is far from that. It recited what were termed by it two causes of action: The first upon a telegram sent by the plaintiff from Columbus, Ga., to Anderson, which was delivered, but tardily; the second upon a telegram sent by the plaintiff from Gainesville to Anderson, before referred to, and which was never delivered. There is no real difference betwixt the allegations of the two alleged causes of action; the only difference lies in the circumstance that they described two delicts, but both of the same character. In both of the two stated causes of action of the first suit the real injury to the plaintiff, or the wrong suffered by her, was set out in these words:

First cause of action: "Plaintiff was prevented from seeing her dead father and from attending his funeral services and burial and being at his side at the grave, and upon her arrival at said destination on the evening of the 23d day of September aforesaid was greatly shocked to learn that her father had been buried, and by reason of all these things and of her being prevented from giving sympathy and support to those dear to her, and her said father, and of receiving sympathy of near relatives in such a trying event and of being at her home on so sad occasion plaintiff has suffered, and still suffers, anguish, grief, and stress of mind, all to her damage in the sum of $1,500."

Second cause of action: "Plaintiff was prevented from seeing her dead father and from attending his funeral services and burial and being at his side at the grave, and upon her arrival at said destination on the evening of the 23d day of September aforesaid was greatly shocked to learn that her father had been buried, and by reason of all these things and of her being prevented from giving her sympathy and support to those dear to her and her said father, and of receiving sympathy of near relatives in such trying event and of being at her home on so sad occasion, plaintiff has suffered, and still suffers, anguish, grief, and stress of mind, all to her damage in the sum of $1,500."

The first suit was wholly under the mental anguish statute (Civil Code 1912, section 3330), without reference to whether plaintiff's counsel called it double-barreled or single-barreled. The appellant's counsel filed no printed argument, but he frankly admitted in his oral argument of the instant case that "the first suit jumbled a mental anguish and a common law action." A cause well pleaded is half won, and the converse is true. A fair construction of the whole complaint in the first suit makes it manifest that the plaintiff demanded $1,500 to appease her anguish, which arose out of circumstances which followed upon the telegraph company's failure to do its duty to her in the two instances recited.

2. The complaint in the second suit, that now up for consideration, apart from these historical recitals which refer to the first suit, is distinctively for the failure of the telegraph company to send and to deliver a prepaid telegram sent by the plaintiff from Gainesville to Anderson, which failure the plaintiff characterizes as wilful. This suit is, therefore, apart from the mental anguish statute. Conceding for the present that for such a delict the telegraph company is liable to pay back to the plaintiff the charge made for the service undertaken and not performed, and so much more as a jury might assess to punish the company for its alleged wanton-

ness, yet we are of the opinion that this action may not now be entertained. The transaction is the same in every detail out of which the first suit arose. It was the duty of the plaintiff to put in issue in that suit every issuable matter which naturally and directly arose out of that transaction. If the single transaction, the omission by the defendant, involved the breach of a statute and at the same time a breach of the common law, then for such breaches the defendant ought to be sued only once. A wise administration of the law prohibits a party from splitting one transaction into several suits. Chancellor Harper said:

"What the parties have once had an opportunity of litigating, in the course of a judicial proceeding, they shall not draw into question again; but that whatever might properly have been put in issue shall be concluded to have been put in issue, and determined." *McDowall* v. *McDowall,* 8 S. C. Eq. (Bailey Eq.) 330.

See, also, *Cartin* v. *Railroad,* 43 S. C. 224, 20 S. E. 979, 49 Am. St. Rep. 829; *Haddon* v. *Lenhardt,* 54 S. C. 88, 31 S. E. 883.

In *Hart* v. *Bates,* 17 S. C. 35, a more limited rule seems to be stated; but the facts of that case warranted the conclusion the Court reached; the matter there pleaded as *res adjudicata* was not allowed, but because the facts alleged in the second action were not known to the plaintiffs when the first action was tried.

We are, therefore, of the opinion that the judgment below must be reversed, and the complaint dismissed. It is so ordered.

MR. CHIEF JUSTICE GARY, *concurring.* Section 216 of the Code is as follows:

"In all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the Court.

"In all cases where two or more acts of negligence or other wrongs are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

Prior to the adoption of the act of 1898 (now incorporated in the Code, as section 216), the plaintiff was not allowed, under the rulings of the Court, to commingle in his complaint allegations appropriate to an action for punitive damages based upon wilfulness or recklessness and allegations appropriate to an action for actual or compensatory damages arising out of negligence; but he was required to state such causes of action separately. When the causes of action were separately stated, the plaintiff could be required to elect upon which cause of action he would rely. The statute was not intended to change, in any respect whatever, the fundamental distinction between causes of action arising out of a wilful wrong and those based on negligence; but it has reference solely to the pleadings and practice in actions arising *ex delicto*.

In an action based on negligence, the plaintiff can recover only actual or compensatory damages; and the only verdict which the jury can render in favor of the plaintiff is for such

damages. In an action, however, founded upon wilfulness, the jury may render a verdict, not only for punitive damages, but likewise for actual damages. *Wilson* v. *Alderman,* 75 S. C. 299, 55 S. E. 447.

A verdict for punitive damages cannot be rendered, unless there is testimony tending to show that the plaintiff has suffered actual damages; and, when a verdict shows upon its face that it is a finding for punitive damages only, it is, in effect, dual in its nature. It is not only a finding for punitive damages, but, also, for actual damages which are not so substantial, as to necessitate their inclusion in the verdict. They must, nevertheless, be actual, and not such as are commonly known as nominal. *Bethea* v. *Telegraph Co.,* 97 S. C. 385, 81 S. E. 675; *Robinson* v. *Telegraph Co.,* 101 S. C. 20, 85 S. E. 436.

Nor can the plaintiff, in an action for a wilful tort, recover either actual or punitive damages, unless there was testimony tending to sustain the allegations of wilfulness. *Chiles* v. *Railway,* 69 S. C. 327, 48 S. E. 252.

When the complaint contains allegations appropriate to a cause of action for negligence, and likewise a cause of action for wilfulness, and the jury renders a verdict in favor of the plaintiff for punitive damages, also for actual damages, the verdict for actual damages must be referred to the cause of action based on wilfulness, and not to the cause of action founded on negligence. A verdict for punitive damages is wholly inconsistent with a verdict for actual damages founded on negligence; but a verdict for punitive damages is entirely consistent with a verdict for actual damages not based upon negligence. The verdict of the jury for punitive damages is necessarily a finding that the defendant was not guilty of negligence. When there is a verdict for punitive damages, and likewise for actual damages, and the verdict for punitive damages is set aside, it necessarily follows that the verdict for actual damages must also be set aside.

and a new trial granted as to the question of wilfulness as well as that of actual damages.

It is true a plaintiff cannot, under the present practice, be required to elect upon which cause of action he will rely, but he can only recover on one cause of action; and when he recovers on one cause of action, the judgment thereon is conclusive of all questions arising out of the tort. The action becomes *res adjudicata* as to the cause of action for punitive and actual damages arising out of the wilful tort, as well as for the compensatory damages founded on negligence.

There is another reason why the appeal should be sustained. On the former appeal (96 S. C. 423; 81 S. E. 517) the judgment of the Court was: "The judgment of the Court below is reversed, and the complaint dismissed." All questions that were made, or could have been made, upon the former trial have become *res adjudicata.* *Halsall* v. *Railway,* 100 S. C. 483, 85 S. E. 433.

For these reasons I concur in the opinion of MR. JUSTICE GAGE.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur in the opinion of the Court.