AARON L. PHELPS v. WILLIAM WAIT and NATHAN WAIT.

A joint action will lie againt principal and agent, for a personal injury caused by the negligence of the latter (in the absence of the former), in the course of his employment.

*Appeal from a judgment of the Supreme Court, entered upon the report of referees, in favor of the plaintiff, for three hundred and seventy-five dollars.*

THE action was brought against father and son, standing in the relation of master and servant, to recover damages for personal injuries caused by the negligence of the son, while driving the horses of his father.

*E. F. Bullard*, for the appellants.

*John K. Porter*, for the respondent.

HOGEBOOM, J.   This action is brought to recover damages for personal injuries sustained by reason of negligence on the part of the defendants.   The plaintiff was crossing a street in the village of Waterford.   The defendant, Nathan Wait, was driving a pair of horses attached to a wagon, which came in collision with the plaintiff, prostrated him and passed over his body.   The horses and wagon belonged to the defendant, William Wait, in whose employment, and whose son the other defendant was.   Three questions are made in the case:

1. Was the defendant Nathan guilty of negligence?

2. Was the plaintiff also guilty of negligence?

3. Will a joint action lie against the principal and the agent, for the negligence of the latter (in the absence of the former), in the course of his employment?

On the first two questions, very little doubt can arise, and they have been determined as questions of fact in the plaintiff's favor by the referees who tried the cause.   The

plaintiff was crossing a public street in Waterford with ordinary care, and with no reason to apprehend danger. When so crossing there was at first no vehicle in sight with which there could be any prospect of collision. The defendant engaged in an altercation with a drunken man, and his attention being engrossed by him, he drove suddenly and rapidly out of the yard, and run over plaintiff. It was a case of negligence on the part of defendant, and of no want of proper care on the part of the plaintiff. The cases of *Steves* v. *Oswego & Syracuse Railroad Company* (18 N. Y. 422), and *Johnson* v. *Hudson Railroad Company* (20 N. Y. 65), present no facts or rules of law which interfere with the plaintiff's right to recover in this case.

The case was retained for examination principally upon the other point—the supposed misjoinder of parties—and to enable the defendants' counsel to supply a reference to authorities showing that in analogous cases principal and agent could not be sued together. The current of authority is certainly the other way, and in favor of the right to join these parties. And I have been unable, after a somewhat diligent examination, to find any reported case holding a contrary doctrine. The question was carefully considered by the supreme court in the leading case of *Wright* v. *Wilcox* (19 Wendell, 343), and has since been followed in several other cases. (*Montfort* v. *Hughes*, 3 E. D. Smith's Rep. 591; *Suydam* v. *Moore*, 8 Barbour, 358; *Hewett* v. *Swift*, 10 Am. Law Reg. 505.)

The defendants' counsel refers to a manuscript case in the supreme court, in the 4th judicial district, *Vernam* v. *Gibson & Farnham*, which is supposed to hold a contrary rule; but we have not been favored with the opinion of the court, and unless it is based upon some other principle than those discussed in the cases already adverted to, it must be regarded as overborne by the weight of authority. The judgment should be affirmed.

All the judges concurring, judgment affirmed.