# Louisville & Nashville R. R. Co. v. Abernathy.

### Injury to Person on Track.

(Decided June 30, 1916. Rehearing denied November 21, 1916.
73 South. 103.)

1. **Charge of Court; Confusion.**—Where there was evidence that plaintiff was struck by defendant's train at or near a public crossing, and that he grasped the engine pilot and was carried some distance beyond the crossing before he fell under the engine and received his injuries, charges directing a verdict for defendant unless palintiff was struck at or near the crossing, was properly refused as confusing and misleading.

2. **Same; Applicability to Evidence.**—Where there was direct evidence that plaintiff was on a public crossing when struck by the train, charges involving the point that plaintiff was a trespasser are properly refused.

3. **Same; Misleading.**—Charges asserting that if after a full and fair consideration of the evidence the jury believed certain facts they should return a verdict for defendant, were improper since the jury must be reasonably satisfied after a consideration of all the evidence.

4. **Railroads; Crossing Accident; Instruction.**—Where there was evidence that the injured boy was at a public crossing when struck by the train, charges predicating a verdict for defendant if the jury found that the fireman did not see the plaintiff, from any cause, were properly refused.

5. **Charge of Court; Discrediting Testimony.**—A charge directing a verdict for defendant, "even though the jury find certain facts as testified by plaintiff's witnesses," tended to cast suspicion upon the truth of plaintiff's testimony, and was properly refused.

6. **Master and Servant; Injury to Third Person; Joining Employee.**—Where the action was against a railroad company and its employee, a count charging that plaintiff's injuries were caused by the willful or intentional conduct of the employee, while acting within the scope of his authority, states a cause of action in trespass against the employee, and in case against the railroad.

7. **Pleading; Joinder.**—An action in trespass against an employee for willful injury, and in case against his employer as such, cannot be joined in the same count.

8. **Judgment; Record; Conflict.**—Where the record shows that on a certain date the complaint was amended by striking the name of the party defendant, and by adding three additional counts, and that on the same day defendant demurred to each count of the complaint as amended, and a judgment entry of the same date showing the amendment of the complaint, and the overruling of defendant's demurrer to each count of the complaint as amended, sufficiently shows that the demurrers to the amended complaint were presented to and passed on by the court, notwithstanding the demurrer was also endorsed as filed in open court on the following day; especially so, where the overruling of the demurrer to that count was the first error as-

[Louisville & Nashville R. R. Co. v. Abernathy.]

signed by defendant, and was argued by plaintiff in his original brief as the only error presenting any serious question.

(Mayfield, Gardner and Thomas, JJ., dissent.)

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Hobson Abernathy, by his next friend, against the Louisville & Nashville Railroad Company and others, for damages for personal injury. Judgment for plaintiff, and defendant named appeals. Reversed and remanded, and application for rehearing overruled.

Count C, after setting out that plaintiff was a minor under seven years of age, and that he was run over by a train in Chilton county, Ala., and suffered injuries which are set out, and which are declared to be permanent, avers that said injuries were proximately caused by the willful, wanton, or intentional conduct of Seymour Carleton, a servant or agent of defendant, Louisville Railroad Company, while acting within the line and scope of his employment, which wanton, willful, or intentional misconduct consisted in this: Said Carleton wantonly, willfully, or intentionally ran said train over plaintiff with the knowledge that plaintiff would probably be injured thereby, and with reckless disregard of the consequences. The accident happened while the child was on the track at or near a station or crossing.

The following charges were refused to defendant:

(3) If the jury believe that plaintiff was struck and injured at some place on defendant's track other than at Henderson's crossing, then you should return a verdict for defendant.

(4) Same as 3, except public crossing is substituted for Henderson's crossing.

(6) Under the evidence in this case plaintiff was a trespasser upon the track of defendant railroad company, and unless the jury is reasonably satisfied from the evidence that the fireman or engineer discovered plaintiff's presence upon the track, the verdict should be for defendant.

(5) If you are reasonably satisfied from the evidence that plaintiff was standing in the middle of defendant's railroad track on the occasion he complains of, but that the fireman on the engine and the engineer did not see him, your verdict should be for defendant.

(7) Even though you may believe from the evidence that plaintiff was stuck by defendant company's railroad engine, and

that he was upon the track when this was done, yet if you further believe from the evidence that, owing to plaintiff's size or position upon the track, or for any other reason, the fireman did not see him, you should return a verdict for defendant.

(8) Affirmative charge as to defendant Carleton.

(10) Practically the same as 3.

(11) Verdict for the defendant unless the jury are reasonably satisfied that plaintiff was injured by being struck by an engine driven by Seymour Carleton while plaintiff was on the track at the Henderson crossing.

(12) Seymour Carleton was under no duty to ring the bell or blow the whistle until he saw that plaintiff was on or dangerously near the track.

(13) Declaring plaintiff was a trespasser.

(16) Practically same as 3.

(24) Practically same as 3.

(26) If, after a full and fair consideration of the evidence, the jury believe therefrom that it was a physical impossibility for plaintiff to have been struck on or near Henderson's crossing, and then dragged or carried to the point where plaintiff's arm and leg were cut off, you should return a verdict for defendant.

FRANK DOMINICK, and SMITH & GERALD, for appellant. MIDDLETON & REYNOLDS, and W. A. DENSON, for appellee.

THOMAS, J.—The amended complaint on which the trial was had was by appellee, Abernathy, against appellant, Louisville & Nashville Railroad Company, a body corporate, and its servant, Carleton. The cause was submitted to the jury upon simple negligence counts A and B and a willful or wanton count C. The defendant's plea was the general issue.

The affirmative charge as to count C was not requested by either defendant; hence the question of evidence supporting the charge upon this count against the defendant company was not thus raised or decided. The theory of defendant's demurrer to count C (the reporter will set out this count) on the ground of misjoinder is that the action was in case against the defendant company, and in trespass against the defendant, Carleton, the agent or engineer of the defendant company, operating the train at the time of the injury, and so acting in the line and scope of his employment.

[Louisville & Nashville R. R. Co. v. Abernathy.]

At the outset we may observe that the common-law forms of action derived authority from the King's writ, and of necessity could not exceed that authority. No such condition now obtains—Andrew's Stephens' Pl. 109, 121, 356, and appendix, note 2, p. 505; *Munter v. Rogers*, 50 Ala. 283, 292, 292; 1 Abbott's Trial Brief, Preface, 3, 4. The tendency of modern legislation is to dispense with much of the ancient formality required in pleading and often to leave only the name to be used for convenience.—1 Corpus Juris., 1003 et seq.; Code 1907, §§ 5321, 5329, 5340; Supreme Court Rule 45 (61 South. ix).

Under the old forms it was held that the remedy against the master who did not command or participate in or ratify the wrong, but who for his servant's negligence had the fault imputed to him, would be an action upon the case, while the action against the servant would be in trespass, and that these actions could not be joined.—Chitty Pl. (12th Ed.) 1828.

Appellee's counsel insist that the counts sets up one cause of action against each defendant, either in trespass or upon the case. In *Reynolds v. Clark*, 1 Str. 634, the cause of action was for entering plaintiff's premises, and there fixing a spout by which water was carried into the yard of the plaintiff, rotting the walls of his house. Mr. Justice Fortescue said: "If a man throw a log into the highway, and in that act it hit me, I may maintain trespass, because it is an immediate wrong; but if as it lies there I tumble over it, and receive an injury, I must bring an action upon the case, because it is only prejudicial in consequence, for which originally I could have no action at all."

Et per Reynolds, J.: "The distinction is certainly right: This is only injurious in its consequence, for it is not pretended that the bare fixing a spout was a cause of action, without the falling of any water; the right of action did not accrue till the water actually descended, and therefore this should have been an action upon the case."

If the count be tested by this familiar and ancient English case, it was in trespass as to master and servant.

It must further be remembered throughout the consideration of the question before us that it has often been held by this court that a corporation, of necessity, acts through its officers, agents, servants, or employees; that, in fact, it can act in no other way. —*State v. Bristol Savings Bank*, 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141; *Sullivan v. Sullivan Co.*, 103 Ala. 371, 15 South.

941, 25 L. R. A. 543; *Beard v. U. & A. P. Co.*, 71 Ala. 60; *So. L. & T. Co. v. Gissendaner*, 4 Ala. App. 523, 58 South. 737; *Hart v. Jones*, 14 Ala. App. 327, 70 South. 206; *Jasper Trust Co. v. K. C., M. & B. R. R. Co.*, 99 Ala. 416, 422, 14 South. 546, 42 Am. St. Rep. 75; *Central of Ga. Ry. Co. v. Brown*, 113 Ga. 414, 38 S. E. 989, 84 Am. St. Rep. 250; *Hussey v. N. S. R. Co. and M. K. King*, 98 N. C. 40, S. E. 923, 2 Am. St. Rep. 312; *D. R. Co. v. Harris*, 122 U S. 597, 7 Sup. Ct. 1286, 30 L. Ed. 1146.

In a consideration of the demurrer to count C for misjoinder it is well to first examine the discussion of the text-books on this question. Mr. Gould then states the general rule of joinder of defendants as follows: "If several persons join in committing a trespass, or tort of any kind, the party injured may generally, at his election, sue them jointly, or each or either of them in a several action, or any number of them less than the whole together (Bac. Abr. Pleas, etc., B. 2; Id. Actions in Gen. B; Carth. 171, 294, 361; 5 T. R. 649; Com. Dig. Abatement, F, 8; 6 Taunt. 29). For torts, in which several join, may be considered, in regard to the wrongdoers, either as wholly joint, or wholly several, or as joint in respect to part of them and several as to the others; since the act of any one of the wrong-doers may be regarded in law, either as his own sole act, or as the act of either, or of all, or of any number of them."—Will's Gould on Pleading (6th Ed.) p. 390.

Mr. White says: "Under the rule of joint and several liability of tort-feasors, not only different companies operating a railroad together will be jointly liable to an injured employee for the result of the negligence of the employees or of any of them (*Harrill v. S. Car. & G. R. Co.*, 135 N. C. 601 [47 S. E. 730]), but the employee whose negligence occasioned the injury may also be sued jointly with the principal or employer, or he may be sued alone.—*I. C. R. Co. v. Houchins* [121 Ky. 526, 89 S. W. 530] 28 Ky. Law Rep. 499; 1 L. R. A. (N. S.) 375 [123 Am. St. Rep. 205]."—1 White's Personal Injuries, § 233.

The question is disposed of by Mr. Bailey in his recent work on Personal Injuries (volume 3, §§ 799, 800) as follows: "The rules relating to proper and necessary parties, in actions for personal injuries caused by negligence, apply where the parties are employer and employee, the same as if the action was by one having no contract relations with defendant. The action is one ex

delicto notwithstanding the duty violated by the master is one imposed by the contract of employment."

The author states as the general rule that: "Where the negligence was that of another servant, plaintiff may join as defendants the employer and the negligent servant (*R. I. & S. Co. v. Lee*, 227 Ill. 246 [81 N. E. 411]; *So. R. Co. v. Grizzle*, 124 Ga. 735 [53 S. E. 244, 111 Am. St. Rep. 191]; *Coalgate Co. v. Bross*, 25 Okl. 244 [107 Pac. 425, 138 Am. St. Rep. 915]; *Morrison v. N. P. R. Co.*, 34 Wash. 70 [74 Pac. 1064]; *A. G. S. v. Thompson*, 200 U. S. 206 [26 Su. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147]; *Charman v. L. E. & W. R. Co.* [C. C.] 105 Fed. 449), and it makes no difference that the liability of the master is imposed by statute while the liability of the negligent servant is imposed by common law (*So. R. Co. v. Miller*, 1 Ga. App. 616 [57 S. E. 1090])."

Mr. Labatt concludes his discussion as follows: "From a careful examination of the cases on the joinder of master and servant it would seem that the better view is that in favor of allowing the single action where both are liable for the wrongful act of the servant, no matter on what theory or ground the master's responsibility may be placed, since this rule does away with a multiplicity of suits. The judgment in an action where the master does not participate in the wrong may be considered as joint and several, so as to preserve the master's right to an action against the servant in reimbursement; and this would appear to be especially true under the modern forms of procedure, abolishing the distinctions between the ancient technical forms of pleading."—7 Labatt's Master and Serv. (2d Ed.) pp. 7727, 7728, § 2512.

Mr. Wood's conclusion was that: "A great part of the confusion arose from the credit accorded the argument that the master and the servant are liable on different grounds, the master on the ground of public policy, in that he is liable for the acts of his agent, and the servant on account of his wrongful participation in the wrongful act; that they do not act jointly; that the master is not even present at the commission of the tort, and, if he were, would not sanction any wrongdoing on the part of the servant; that liability based on such diverse grounds or causes is not joint, and consequently, where the defendants answer separately, the controversy is separable. This argument, forceful as it may appear, is not conclusive. It leaves out of consideration the idea of concurrence in a tort, and proceeds on the erroneous presump-

tion that a master, for instance a corporation, must be in the company of a servant in order that their negligent acts may concur."

In the case of master and servant: "They may not act together, and still both be liable; their respective acts of negligence concurring in causing the injuries complained of."—54 Cent. Law J. 406 (1902).

Mr. Thompson (Com. on Neg. vol. 1, § 611) says, however, that the question is not clear upon authority at common law. He cites the old case of the master who sent his servant to train two ungovernable horses in Lincoln's Inn Fields, in which the servant being unable to control them, they ran upon and injured the plaintiff, and recovery was allowed against the master with the servant, on the theory of wrong imputable to the master in sending the horses to be trained in such a place.—*Michel v. Alestree*, 2 Lev. 172. He observes that under the reformed code procedure joint actions are constantly maintained by travelers who have been injured in consequence of obstructions on thoroughways against the private wrongdoer who was the author of the obstruction, and against the municipal corporation which suffered it to continue. He cites the case of *Moore v. F. R. Corp.*, 4 Gray (Mass.) 465, 64 Am. Dec. 83, where a joint action of tort, which in Massachusetts covers the ground both of trespass and of trespass on the case at common law, was brought against a railway company and its conductor, for the act of the latter in ejecting the plaintiff from its train under the pretense that he had not paid his fare, and in which case Mr. Justice Thomas saw no difficulty in joining the corporation with its servant in the same action.—This ruling was followed in *Hewett v. Swift*, 3 Allen (Mass.) 420; *Holmes v. Wakefield, et al.*, 12 Allen (Mass.) 580, 90 Am. Dec. 171; *Osborne v. Morgan*, 130 Mass. 102, 39 Am. Dec. 437; *Sou. Ry. Co. v. Carson*, 194 U. S. 136, 24 Sup. Ct. 609, 48 L. Ed. 907; s. c., 68 S. C. 55, 46 S. E. 525; *Hukill v. Maysville Ry.* (C. C.) 72 Fed. 753; *Davenport v. Sou. Ry. Co.*, 135 Fed. 960, 68 C. C. A. 444.

In Ruling Case Law, vol. 7, p. 648, § 650, the liability of the corporation for the wrongful acts of its officers and agents is stated as follows: "And generally it may be stated that a corporation is liable civiliter, the same as a natural person, for the tortious acts of its servants or agents in the course of their employment, committed by the authority of the corporation, express or implied, whether such acts fall within the designation of

forcible, negligent, malicious, or fraudulent torts, and without regard to the form of action by which the appropriate remedy is sought."

In section 654 of the same work the modern rule, well supported by authority, is thus stated: "Where it is sought to hold a corporation liable for the direct acts of its officer or agent, the rule is somewhat different from what it is when the gist of the action is negligence. While unquestionably, under the modern view, a corporation may be held liable in trespass for the direct act of its officer or agent done pursuant to the rules and the regulations of the company, or in order to accomplish the purposes of the employment, yet, if the trespass was committed by the agent or officer willfully or of his own malice, under color of discharging the duties of his employment, or if he departed beyond the line of his duty to commit a trespass, the corporation will not be liable. The officer or agent committing the trespass is, of course, himself personally liable as well as the corporation, and according to the prevailing view the corporation and the officer or agent may be sued jointly for the trespass."

The author of Modern American Law (volume 2, pp. 432, 433, § 19) thus states the rule of joint liability: "The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert of action.—Cooley on Torts (Student's Ed.) p. 92; *Railway Co. v. Durand*, 65 Kan. 380, 69 Pac. 356."

"A servant, though in the conduct of the master's business, makes himself liable jointly with the master for his tortious acts committed while conducting the business. He is liable for the wrongful act because it is his duty to abstain from injuring others; the master is liable because he is chargeable with the servant's acts within the scope of the service or agency; and they are both liable jointly because the relation of master and servant identifies them as being connected with the wrongful act.— *Schumpert v. So. Ry. Co.*, 65 S. C. 332, 338, 339, 43 S. E. 813, 95 Am. St. Rep. 802."

In 26 Cyc. 1527, the authors, stating the rule of liability of the master, say: That "the earlier cases held that the master was not liable for the willful or malicious acts of his servant, as distinguished from his neglect, unless the act was done pursuant

to the master's express orders, or with his assent, notwithstanding it was done in the line of the servant's duties," and that "it is now well settled, however, that the master is liable for the willful or malicious acts of his servant where they are done in the course of his employment and within its scope"—citing as authority the *Henry Case,* 139 Ala. 161, 34 South. 389, and many other decisions from the several states, as well as 10 Cyc. 1203, 1209.

The rule of liability and joinder is there (10 Cyc.) well stated as we quote: "On well-understood grounds all who join in furthering a wrongful act injurious to another are regarded in law as principals, and are liable to be sued jointly as such. Upon the ground, and contrary to an earlier misconception, it is now settled that a corporation may be joined as a defendant with its agent or servant in an action to recover damages for a tortious act committed by the agent in the general line of his previously conferred authority.   *   *   *"

Adverting to the decisions of the state courts in *Schumpert v. So. Ry. Co.,* 65 S. C. 332, 338, 43 S. E. 813, 815 (95 Am. St. Rep. 802), it is said: "In the case of a railroad corporation which owes important duties to the public or those affected by its operation, and which cannot act, except through agents, there is the strongest reason for holding that with respect to acts done in its service by the agents within the scope of their employment, the corporation is present acting through its agents. 'Qui facit per alium facit per se.' The servant is liable because of his own misfeasance or wrongful act, in breach of his duty to so use that which he controlled as not to injure another. The master is liable because he acts by his servant, and is therefore bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency. Both are liable jointly, because from the relation of master and servant they are united or identified in the same tortious act resulting in the same injury.   *   *   *—Cooley on Torts, 142; *Wright v. Wilcox,* 19 Wen. (N. Y.) 343 [32 Am. Dec. 507]; *Phelps v. Wait,* 30 N. Y. 78; *Greenberg v. Whitcomb Lumber Co.,* 90 Wis. 225 [63 N. W. 93] 28 L. R. A. 439, where the cases pro and con are cited in the notes at page 441 [48 Am. St. Rep. 911]; *Winston's Adm'r v. Ill. Cent. R. R. Co.* [111 Ky. 954], 65 S. W. 13, 55 L. R. A. 603."

In *Mayberry v. N. P. R. Co.,* 100 Minn. 79, 82, 83, 110 N. W. 356, 357 (12 L. R. A. [N. S.] 675, 10 Ann. Cas. 754), Mr. Justice

[Louisville & Nashville R. R. Co. v. Abernathy.]

Brown said: "We do not feel called upon, however, to analyze the cases on this subject, for the purpose of evolving a rule applicable to tort actions in general; for the weight of authority sustains the right of an injured party to join in the same action parties bearing the relation to each other of the defendants in this case, namely, master and servant, the right of action springing from the wrongful act of the servant for which the master is responsible. * * * Both parties are liable for the consequences of the negligent acts of the servant, and one action and recovery will terminate the litigation and avoid the necessity of separate trials of the same issue. So long as the liability of each defendant is identical, upon the same state of facts, it is of no material consequence that the liability of one arises at common law and that of the other under the statutes imposing liability upon the master for the negligence of his servants."

In *Phelps v. Wait*, 30 N. Y. 78, a joint action was brought against father and son, standing in the relation of master and servant, to recover damages for personal injuries caused by the negligence of the son while driving the horses of his father. On the question of misjoinder of parties the court said: "The current of authority is certainly * * * in favor of the right to join these parties. And I have been unable, after a somewhat diligent examination, to find any reported case holding a contrary doctrine. The question was carefully considered by the Supreme Court in the leading case of *Wright v. Wilcox*, 19 Wend. [N. Y.] 343 [32 Am. Dec. 507], and has since been followed in several other cases.—*Montfort v. Hughes*, 3 E. D. Smith [N. Y.] 591; *Suydam v. Moore,* 8 Barb. [N. Y.] 358; *Hewett v. Swift,* 10 Am. Law Reg. [O. S.] 505."

Again, in *Green v. Davies*, 182 N. Y. 499, 506, 75 N. E. 536, 538 (3 Ann. Cas. 310), it was held that an action for slander was maintainable against one or more persons, and the court said: "The reason given by the old authorities that a slander can be the utterance of but a single tongue is not conclusive. Granting that only one person can speak the slander, still other persons may hire or procure him to utter it. In the case of other torts such persons and the actual perpetrator of the act are joint tortfeasors. Thus a principal and agent may be jointly sued for the negligence of the latter.—*Phelps v. Wait,* 30 N. Y. 78."

In *Greenberg v. Whitcomb Lumber Co., et al.,* 90 Wis. 225, 63 N. W. 93, 95 (28 L. R. A. 439, 48 Am. St. Rep. 911), Mr. Justice

Newman said: "The principle is well settled that the agent or servant is responsible to third persons only for injuries which are occasioned by his misfeasance, and not for those occasioned by his mere nonfeasance. Some confusion has arisen in the cases from a failure to observe clearly the distinction between nonfeasance and misfeasance. These terms are very accurately defined, and their application to questions of negligence pointed out, by Judge Metcalf in *Bell v. Josselyn*, 3 Gray [Mass.] 309 [63 Am. Dec. 741]. 'Nonfeasance,' says the learned judge, 'is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; malfeasance is the doing of an act which a person ought not to do at all.'

"The application of these definitions to the case at bar is not difficult. It was Semple's duty to have had this machine safe. His neglect to do so was nonfeasance. But that alone would not have harmed the plaintiff, if he had not set him to work upon it. To set him to work upon this defective and dangerous machine, knowing it to be dangerous, was doing improperly an act which one might lawfully do in a proper manner. It was misfeasance. Both elements, nonfeasance and misfeasance, entered into the act or fact which caused the plaintiff's damages. But the nonfeasance alone could not have produced it. The misfeasance was the efficient cause. For this the defendant Semple is responsible to the plaintiff. —Mechem, Agency, § 569 et seq.; 14 Am. & Eng. Ency. of Law, 873, and cases cited in note 4; Wood, Mast. & Serv. (2d Ed.) 667; *Osborne v. Morgan*, 130 Mass. 102 [39 Am. Rep. 437].

"The complaint states but a single cause of action. It is the same cause of action against both defendants, arising from the same acts of negligence—the master for the negligence of its servant; the servant for his own misfeasance. Both master and servant, being liable for the same acts of negligence, may be joined as defendants.—Wood, Mast. & Serv., supra; *Wright v. Wilcox*, 19 Wend. [N. Y.] 343 [32 Am. Dec. 507]; *Phelps v. Wait*, 30 N. Y. 78."

In *C. of Ga. Ry. Co. v. Brown*, 113 Ga. 414, 328 S. E. 989, 84 Am. St. Rep. 250, the Chief Justice, writing for the court, held that a railroad company is liable as a trespasser to a passenger for an unjustifiable assault made upon him by the conductor of the train, the conductor being engaged in the company's business

and in the conduct thereof when making such assault; and where the same is a joint act of the conductor and a person not a servant of the company, the company and such person are joint trespassers and may be joined in one suit.  The Chief Justice said: "We think that in the present case the railway company, the conductor, and McCowan were all joint trespassers and all jointly or severally liable in an action of trespass vi et armis at common law.  This must follow logically from what has been said above to show that in a case like the present the corporation is liable in trespass for the willful tort of its servant done in and about the master's business and in the course of the servant's employment.  This view is supported by courts whose decisions are entitled to the highest respect and consideration, and by eminent text-writers.  In *Moore v. Fitchburg Railroad,* 4 Gray [Mass.] 465 [64 Am. Dec. 83], it was said: 'There is no difficulty in joining the corporation with their servant in the same action.'  *  *  *  See, also, *Brokaw v. Railroad,* 32 N. J. Law, 328 [90 Am. Dec. 659], wherein it was held that an action of trespass for an assault and battery would lie jointly against an individual and a corporation whose servant participated in it; *Favorite v. Cottrill,* 62 Mo. App. 119; *Ullman v. Railroad,* 67 Mo. 118; *Wright v. Compton,* 53 Ind. 337; 5 Thomp. Corp. §§ 6288, *289; Cooley on Torts (2d Ed.) 138 (*120) ; Wood, Master and Servant, 586 et seq.; Dicey, Parties (2d Am. Ed.) 490 (m. p. 466).  These authorities show that a master and servant may be jointly sued in trespass for a willful and affirmative wrong committed by the servant within the scope of his employment. This is upon the theory that in trespass all are principals, and the act of one the act of all."

In *Brokaw v. N. J. R. & T. Co. & Wm. Campbell, supra,* the plaintiff declared against the defendant for ejecting him with force and arms out of one of the cars of the railroad company, while he was traveling as a passenger on their road, and the declaration was against the company and the agent; and the court held that an action of trespass for an assault and battery will lie against a corporation, and that in such action an individual may be joined as a codefendant with a corporation, and that the question whether a corporation is liable for the tortious acts of its agents or servants is to be determined by the same principles as determine the question of the liability of a master for the torts of his servant.

In *Denver, etc., Railway v. Harris,* 122 U. S. 597, 608, 7 Sup. Ct. 1286, 1289 (30 L. Ed. 1146), in an opinion by Mr. Justice Harlan it was said: "The court, in *Philadelphia, etc., Railroad v. Quigley,* 21 How. 202 [16 L. Ed. 73], upon a full review of the authorities, held it to be the result of the cases 'that for acts done by the agents of a corporation either in contractu or in delicto, in the course of its business, and of their employment, the corporation is responsible as an individual is responsible under similar circumstances.' In *State v. Morris & Essex Railroad,* 23 N. J. Law (3 Zabriskie) 369, it was well said that: 'If a corporation has itself no hands with which to strike, it may employ the hands of others; and it is now perfectly well settled, contrary to the ancient authorities, that a corporation is liable civiliter for all torts committed by its servants or agents by authority of the corporation, express or implied. * * * The result of the modern cases is that a corporation is liable civiliter for torts committed by its servants or agents precisely as a natural person, and that it is liable as a natural person for the acts of its agents done by its authority, express or implied, though there be neither a written appointment, under seal nor a vote of the corporation constituting the agency or authorizing the act.'"

In *Howe v. N. P. R. Co.,* 30 Wash. 569, 574, 70 Pac. 1100, 1102 (60 L. R. A. 494), it is said: "But without entering into a discussion or an analysis of these conflicting opinions, considering the fact that universal authority will hold responsible in independent actions both the master and the agent or servant whose tortious act is the cause of the injury, and the holding of this court that as to the liability of the servant or agent there is no distinction between cases of misfeasance and those of nonfeasance, and in further consideration of the reformed procedure which obtains in this state, we are inclined to hold with those cases which permit the rights of all parties to be determined in one action, thereby discountenancing and rendering unnecessary a multiplicity of suits, rather than to compel the plaintiff to pursue and exhaust his remedy against one actor, and then, if compensation cannot be realized for the damage sustained, to proceed against another. We think this view is more in harmony with the spirit of our Code and modern procedure generally."

It was held in *Davenport v. S. R. Co.,* 135 Fed. 960, 68 C. C. A. 444, that a complaint disclosed a joint cause of action against a master and his servant where it alleged that the latter's reck-

[Louisville & Nashville R. R. Co. v. Abernathy.]

less, wanton, willful, or malicious acts, while engaged in the discharge of the master's duties, resulted in an injury causing the death of another.

It was held in *Bruce v. Reed*, 104 Pa. 408, 49 Am. Rep. 586, and in *Hussey v. N. S. R. Co. & King, Its Agent*, 98 N. C. 34, 3 S. E. 923, 2 Am. St. Rep. 312, that the master and his servant. may be held jointly for torts, e. g., slander, libel, and malicious prosecution.

The soundness of the doctrine adopted in *City Del. Co. v. Henry*, 139 Ala. 161, 34 South. 389, was at that time questioned by Mr. Wood, whose views we have above set out.

Mr. Austin W. Scott, of the Harvard Law School, recently discussed this question of joinder as follows:

"There are at least three causes in which one person may be held jointly liable with another for a tort:

"(1) Where one co-operates in the commission of a tort by another either by directing or urging him to commit it or by actually aiding him in its commission.

"(2) Where, although there is no agreement or co-operation between the two, yet the act or omission of one has concurred with the act or omission of the other in causing a single injury, as in *Matthews v. Del. & W. R. R. Co.*, 56 N. J. Law, 34 [27 Atl. 919, 22 L. R. A. 261]; *Bullock v. London General Omnibus Co.*, [1907] 1 K. B., 264; *Feneff v. B. & M. R. R. Co.*, 196 Mass. 575 [82 N. E. 705]; *Maumee Valley, etc., Co. v. Montgomery*, 81 Ohio St. 426 [91 N. E. 181, 26 L. R. A. (N. S.) 987, 135 Am. St. Rep. 802]; *City of Peoria v. Simpson*, 110 Ill. 294 [51 Am. Rep. 683]; *Kansas City v. File*, 60 Kan. 157 [55 Pac. 877]; *Fortmeyer v. National B. Co.*, 116 Minn. 158 [133 N. W. 461, 37 L. R. A. (N. S.) 569].

"(3) Where a servant or agent, while acting within the scope of his employment, commits a tort for which he is liable, and for which, on the doctrine of respondeat superior, the master or principal is also liable.

"I should certainly agree with *Southern Ry. Co. v. Arnold*, 162 Ala. 570 [50 South. 293]. In that case, of course, the action was based upon negligence of the servant, and therefore the form of action against the servant and against the master would be case * * *. It has always seemed to me that the cases which allow trespass against the master, whenever trespass lies against

[Louisville & Nashville R. R. Co. v. Abernathy.]

the servant, are to be preferred to the Alabama cases which hold that the only action against the master is case."

We will examine some of the objections now made against the joinder of master and servant. The mere fact that the master is a corporation will not prevent joinder.—*C. of Ga. v. Brown, supra; Hussey v. N. S. R. Co. & M. K. King, Its Agent, supra;* Pierce on Railroads, supra; Thompson on Corporations, § 6288.

The question of joint and several action and the right of removal has been fully considered by the federal courts. In *Deere, Wells & Co. v. C., M. & St. P. R. Co.* (C. C.) 85 Fed. 876, in which the plaintiff had brought suit against a railroad company and a foreman, charging them jointly with setting out a fire and permitting it to spread to plaintiff's premises, it was unequivocally held that a separable controversy was not disclosed; that each—the corporation and its agent in charge—was chargeable with the act and the consequences in the joint action. Thus the doctrine of *Warax v. R. Co.* (C. C.) 72 Fed. 637, by circuit judge, is disputed, and that of *Plymouth Gold Mining Co. v. A. & S. Canal Co.*, 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232, by Chief Justice Waite, is adopted. The Chief Justice says: "Upon the face of the complaint there is in the suit but a single cause of action, and that is the  *  *  *  pollution of the water of the plaintiff's canal by the united action of all of the defendants working together. Such being the case, the controversy was not separable for the purposes of a removal, even though the defendants answered separately, setting up separate defenses.— *Pirie v. Tvedt*, 115 U. S. 41 [5 Sup. Ct. 1034], 1161, 29 L. Ed. 331] ; *Sloane v. Anderson*, 117 U. S. 275, 278 [6 Sup. Ct. 730, 29 L. Ed. 899]*.

In *Doremus v. Root* (C. C.) 94 Fed. 760, the following principles were held as well established by previous decisions of the federal courts: (1) In this class of cases the law of torts must govern, and the plaintiff may join several as defendants (*Railroad Co. v. Laird*, 164 U. S. 393, 17 Sup. Ct. 120, 41 L. Ed. 485; *A. G. S. R. Co. v. Thompson*, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147) ; (2) the defendants cannot divide the cause into separate controversies and several suits, in the place of one (*Little v. Giles*, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269; (3) the plaintiff's complaint determines the nature of the case (*Walker v. Collins*, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed.

76; *A. G. S. R. Co. v. Thompson, supra*) ; (4) it cannot be as-- sumed that either defendant is the real party, and the other the sham or fraudulent (*Warax v. Railway, supra*), but fraud in such joinder may be alleged and must be proved (*A. G. S. R. Co. v. Thompson, supra*).

In *Chesapeake & Ohio Ry. Co. v. Dixon*, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, the suit was brought against a railroad company and two servants, and it was held by the Supreme Court of the United States, in an opinion written by Chief Jus- tice Fuller, that where joint suit is brought against a railroad corporation and two servants, the controversy is not separable. The complaint was discussed in view of the claim of the defend- ant that neither direct, nor concurrent, nor concerted negligence on the part of the company and its agents was charged, and the conclusion was reached that it was not necessary for the pleader to set forth the specific acts of negligence; and it was distinctly held that where concurrent negligence is charged the contro-- versy is not separable. In *Ala. G. S. R. Co. v. Thompson, supra*, the *Dixon Case* is cited and followed, and many authorities are cited in support thereof, and of the holding that the *Warax Case*, *supra*, was a departure from the former ruling of the circuit court on joinder.

The ruling of the trial court on defendant's demurrer cannot be said to have injuriously affected defendant's right of removal, for the record does not disclose any timely effort therefor on its part.—*Powers v. Chesapeake R. Co.*, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, supra; *So. Ry. Co. v. Carson*, 194 U. S. 136, 24 Sup. Ct. 609, 48 L. Ed. 907. After such decision on demurrer, it has been held, such petition comes too late.—*Goldey v. Morning News*, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; *Rosenthal v. Coats*, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399; *Fisk v. Hen- arie*, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080; *Alley v. Nott*, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491. The federal statute requires that the application for removal be filed at the time, or at any time before, the defendant, by the law of the state or by the rule of the state court in which such suit is brought, is re- quired to plead—Fed. Stat. Ann. 1912, Sup. vol. 1, § 29, 4. 145.

It is urged that an additional burden was placed on the de- fendant company by such joinder, in that contribution may not be had of its agent in event of recovery by plaintiff. This right of contribution is not defeated or embarrassed by the joinder.

As between them, their respective rights may be adjudicated in accordance with the principles of law applicable to the relation in fact between them existing.—*Mayberry v. N. P. R. Co., supra; Bailey v. Bussing,* 28 Conn. 455; 7 Labatt's Master & Servant (2d Ed.) § 2512.

Before our reformed procedure this court held that counts in an action upon the case may be joined with a count in trover, for the reason that their nature is in legal effect the same, and that the same plea may be pleaded and the same judgment given on all counts.—*Henry v. Allen,* 93 Ala. 197, 9 South. 579; *Elmore v. Simon,* 67 Ala. 526; *Wilkinson v. Moseley,* 30 Ala. 562; *Dixon v. Barclay,* 22 Ala. 370.

The reformed procedure in Alabama requires that: "All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligent form; no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon."—Code 1907, § 5321.

"No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies."—Code, § 5340.

"All actions ex delicto may be joined in the same suit, and may be joined with actions ex contractu arising out of the same transaction, or relating to the same subject matter, and the issues may be determined separately by the jury, and the proper judgment shall be rendered by the court and the costs fairly apportioned."—Code, § 5329.

This latter section (written by the recess committee) was designed to give a broader scope to section 3293 of the Code of 1896, reading as follows: "Counts in trover, trespass and trespass on the case may be joined, when they relate to the same subject-matter."

In the older section (section 2673, Code 1886) the word "trover" was inserted by the joint committee codifying the act of February 17, 1885 (Acts 1884-85, p. 125), permitting, for the first time in this state, the joinder of counts in trover, trespass, and trespass on the case. It will be noted that in section 5329 of the Code of 1907 the word "counts" is not used; and the significant change permits "all actions ex delicto" to be "joined in the same suit," etc. The former statutes confined the joinder to separate counts; the latter statute in express terms provides that the joinder may be had "in the same suit." Thus it was

[Louisville & Nashville R. R. Co. v. Abernathy.]

left to the pleader to present his cause, under the necessities of the facts of each case, that justice may be speedily and exactly administered.

The adjudications of our court have been to the effect that actions in trespass and actions in trespass on the case may be joined by virtue of the statute (*Buckalew Adm'r v. T. C., I. & W. R. Co.*, 112 Ala. 146, 20 South. 606; *Joseph v. Henderson*, 95 Ala. 213, 218, 10 South. 843; that the statute did not give the right to joint distinct causes of action in the same count (*L. & N. R. Co. v. Cofer*, 110 Ala. 491, 18 South. 110; *Sloss-Sheffield Co. v. Mitchell*, 167 Ala. 236, 52 South. 69; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261, 12 South. 714); and that two or more causes of action may be joined in the same complaint, but not in the same count (*B. R., L. & P. Co. v. Nicholas*, 181 Ala. 491, 61 South. 361). In *Andrews v. Flack*, 88 Ala. 295, 6 South. 907, and in *B. R., L. & P. Co. v. Nicholas, supra,* it was held that "distinct and incongruous causes of action" or causes "inconsistent with each other" cannot be joined. The expression "distinct causes of action" was held to embrace the killing of several animals at different times (*Railroad Co. v. Cofer, supra*); also separate and distinct overflows (*Sloss-Sheffield Co. v. Mitchell, supra; A. G. S. R. R. Co. v. Shahan*, 116 Ala. 302, 22 South. 509); also "several distinct, independent averments, each presenting a substantive cause of action " (*Railroad Co. v. Mothershed, supra*).

In the case of *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413, 419, 10 South. 274, 276, is this cogent statement of the law: "When the plaintiff, in a single count, shifts his right of action from one ground to another, and states several breaches of duty in the alternative, or disjunctively, so that it is impossible to say upon which of several equally substantive averments he relies for the maintenance of his action, then there is such confusion and obscurity as to the ground upon which a recovery is claimed that the defendant is not clearly informed of the matter to be put in issue; and a count so substantially variant and contradictory in its allegations is demurrable (for joining distinct causes of action)."

Tested by these definitions of misjoinder of causes of action, there is no objection to count C.

In the case before us the issue of pleading is direct. The one cause of action was, not for independent or substantive negligent acts committed at different times by the master and by

the servant, but for one concurring negligent act, making one cause of action for a concurrence of the master and the servant in the commission of the tort. The defendant company and defendant agent acted together; the agent being the eyes, ears, hands, will, and judgment of the corporation in propelling the train just before and at the time of its contact with the plaintiff. The corporation master could have acted in no other way at that moment than it did through and by its agent, Carleton, and it is responsible for its agent; while Carleton is also responsible for his act, to the plaintiff and to his codefendant. If the corporation has to respond in damages therefor, it may have contribution from this servant. The measure of damages under each count of the complaint is the same as to each defendant.—*So. Ry. Co. v. Arnold,* 162 Ala. 570, 50 South. 293; *Avondale Mills v. Bryant,* 10 Ala. App. 507, 63 South. 933.

By taking issue on the several counts the defendant master and the defendant servant were deprived of no defense which either might have successfully pleaded to a separate suit against it or him. No additional burden was imposed by the joint action. The ends of justice and good pleading would not have been better subserved by separate suits against master and servant.

Whatever be the form of action, no good reason exists why the joinder may not be had. In the cases of *Mayer v. Thompson-Hutchison Bldg. Co.,* 104 Ala. 611, 16 South. 620, 28 L. R. A. 433, 53 Am. St. Rep. 88; *So. Ry. Co. v. Arnold, supra,* and *B. R., L. & P. Co. v. Wright,* 153 Ala. 99, 44 South. 1037, it was held that the relation of agency does not exempt from liability for an injury to a third person resulting from the agent's misfeasance or nonfeasance for which he would otherwise be liable, and that the servant and the master may be joined in an action upon the case for such injury.

In *Hart, et al. v. Jones,* 14 Ala. App. 327, 70 South. 206, by the Court of Appeals, an action of trespass for an assault and battery in which Hart, the president of the corporation, was joined with the corporation, the defendants were held jointly liable, whether the complaint be construed as charging that the injury was the result of force applied directly by the corporation or of force applied indirectly, through its servants or agents; and this holding was affirmed on review by this court in *Ex parte Bellevue Highlands,* 194 Ala. 695, 70 South. 1012.

It is insisted, however, that the rule declared in *City D. Co. v. Henry,* 139 Ala. 161, 34 South. 389, will deny the right of joinder

[Louisville & Nashville R. R. Co. v. Abernathy.]

of master and servant in a willful or wanton count for the act of the agent.—*B. C. I. & L. Co. v. Doak,* 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; *So. Ry. Co. v. Hanby,* 166 Ala. 641, 52 South. 334; *I. L. Co. v. Duke,* 183 Ala. 484, 62 South. 845; *Newberry v. Atkinson, Rec'r,* 184 Ala. 567, 64 South. 46. The form of the complaint in each of the cases of *Newberry, Doak,* and *Henry* was held to charge in trespass, and no question of joinder was considered. In the *Henry Case* the complaint charged that the defendant, through its agent or servant, wantonly, willfully, or intentionally inflicted the injury. The court said: "The injury ascribed to the defendant is direct and immediate from force applied by it, and not merely from force applied by its servant within the scope of his employment. The counts are in trespass for the act of the defendant itself, and not for the unauthorized act of its servant for which it is responsible. To sustain them proof of actual participation on the part of the defendant in the damnifying act was essential."

It is pertinent to observe that in *Newberry v. Atkinson, et al., supra,* Mr. Justice MAYFIELD, dissenting, demonstrated the error of the principle declared in the *Henry Case,* and that he was joined in this dissent by Mr. Justice SAYRE and Mr. Justice DE GRAFFENRIED.

The authority on which the subsequent decisions of *Hanby* and *Duke Cases, supra,* were rested was that of the *Henry Case.* In the *Duke Case* it was simply declared that trespass and case were improperly joined in one count. In *Hanby's Case* the defendant corporation and its agent were joined in a suit to recover damages for a battery suffered by plaintiff as a passenger at the hands of defendant's servant. The holding was that the suit proceeded against the master on the principle of respondeat superior in imputing liability to the master; that this liability was consequential upon the servant's unauthorized act and was in case as to the master. Mr. Justice SAYRE pointed to the difficulty of such joinder under the rule of the *Henry Case* as follows: "It being impossible to frame an action against master and servant in the same form for the intentional and unauthorized trespass of the servant, it may be that there are insuperable obstacles in the way of joining counts against master and servant for a wrong of that description notwithstanding the statute. However that may be, distinct and independent causes of action in tort cannot be joined in the same counts."

[Louisville & Nashville R. R. Co. v. Abernathy.]

Without a full discussion of the statute permitting the joinder, the difficulty under the rule in the *Henry Case* is pointed out.

By a reasonable construction of our reformed procedure (sections 5321, 5329, 5340, Code 1907), authorizing joinder in a case where the right of suit exists under universal authority against the master and the servant for the wrong, where the defense and the measure of damages as to each defendant are the same, where the right of contribution is unaffected, and the right of removal is not abridged, no good reason exists against the joinder.

Having noted that the denial of the right of joinder in the *Hanby* and *Duke Cases, supra,* was predicated on the ruling in *City D. Co. v. Henry,* we will not show that the objection was merely a matter of form rather than one of substance—of a duplicity in a complaint. The question of duplicity was not discussed in either of the cases predicated on the rule declared in the *Henry Case.*

Adverting to the statute, it is to be noted that sections 2978 and 3005 of the Code of 1876 come without change to be sections 5321 and 5340, respectively, of the Code of 1907. In *Houston, et al. v. Hilton, et al.,* 67 Ala. 374, Chief Justice STONE, construing section 3005, Code of 1876, held that duplicity in a complaint or in a plea, unless it be a plea in abatement, is not a ground of demurrer in this state, that it could not be reached by special demurrer at common law, and that, as special demurrers are abolished by statute in this section (section 3005, Code 1876), save, perhaps, as a dilatory pleading, "such irregularity in a complaint is harmless."—*Callison v. Lemons,* 2 Port. 145; *Evans v. Watrous,* 2 Port. 205; *Castles v. McMath,* 1 Ala. 326. To the same effect was the holding in *Lewis v. Lee County,* 66 Ala. 480, where Mr. Justice Somerville dismissed the matter on authority of 2 Brick. Dig. p. 333, §§ 55, 56; Id. p. 334, § 69. In *Sloss-Sheffield S. & I. Co. v. Smith,* 166 Ala. 437, 445, 52 South. 38, the question was recently discussed, and it was there remarked that duplicity in pleading has been allowed in Alabama since the Code of 1852.

No fair construction of count C can separate the one concurring tort complained of, driving the train against plaintiff, from the one immediate and direct result, his injury so received. The master acted by its instrumentalities, engine, train, roadbed, and

servant, while in. the discharge of its corporate functions; and the servant discharged the duties of his agency, acting in the line and scope of his employment. It was at this point that the error of the ruling in *City D. Co. v. Henry* came into our jurisprudence, the separating of the tort of the corporate master from that of the servant, through whom the master acted, and through whom only, it could act, in the discharge of its corporate functions, at the time and place of the injury.

If it be admitted on the authority of *Henry's Case* and of *So. Bell Tel. Co. v. Francis*, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930, that the action is in case as to the master and in trespass as to the servant, the joinder in one count of the master, and the servant is denied alone for a duplicity in pleading. On this phase of the joinder Mr. Scott is of opinion: That there is no reason why, under section 5329 of the Code of Alabama of 1907, an action of trespass against the servant and of case against the master should not be joined; that "the purpose of that statute is to allow the joinder of all actions ex delicto, no matter what the form of action may be. An action of case and an action of trespass against the same person may be joined under that provision of the Code (section 5329). If an action of case against the master may be joined with an action of case against the servant, as in *So. Ry. Co. v. Arnold*, 162 Ala. 570, 50 South. 293, for the same reason an action of case against the master should be allowed to be joined with an action of trespass against the servant. * * * See *Able v. So. Ry.*, 73 S. C. 173, 52 S. E. 962; *Chicago R. I. v. Whiteaker*, 239 U. S. 421, 36 Sup. Ct. 152, 60 L. Ed. 360; *Brokaw v. New Jersey R. R. Co.*, 32 N. J. Law, 328, 90 Am. Dec. 659; Mecham, Agency (2d Ed.) §§ 2010, 2011. It may be urged that, granting that the actions may be joined, yet each should be stated in a separate count. But it was held in *So. Ry. Co. v. Arnold* that the actions need not be stated in separate counts when each is in case. And, even if they ought to be stated in separate counts, the defect of stating them in a single count is only duplicity, a defect of form, which even at common law and under Stat. 27 Eliz. c. 5, § 1, could be taken advantage of only by a special demurrer.—*Anon.*, 3 Stalk. 122."

When the reason against the joinder no longer exists, the rule ceases: "Cessante ratione legis, cessat et ipsa lex."—*Bank of Montgomery v. Plannett's Adm'r*, 37 Ala. 226; Cow. & Hill's notes, 1st pt., 310.

In the instant case, if, as some authorities warrant, there be a distinction between the form of action against the corporation master and that against its servant, in legal effect it is a distinction without a difference. The right of joinder is declared by our reformed procedure (Code, § 5329) and by the Cases of *Arnold* and *Mayer, supra.* To hold that the joinder was theoretically permitted by the statute, but did not actually exist because it could not be by separate counts, would be to insert into the statute an unwarranted and technical exception.

It would appear that the one cause of action as to each defendant was the concurrent tort resulting in the direct injury to plaintiff, the immediate result of the applied force, of the applied skill, and of the expressed will of the corporation defendant and of Carleton, acting for it in the line and scope of his employment. There was therefore no misjoinder of parties or of causes of action in count C. It results from the authorities we have cited that the rule announced in *City D. Co. v. Henry, supra,* and followed in *So. Ry. Co. v. Hanby, supra,* and in *Interstate L. Co. v. Duke, supra,* should be overruled, as pointed out by Mr. Justice Mayfield in his dissenting opinion in *Newberry v. Atkinson, Rec'r, supra.* No rule of stare decisis has prevented the correction of error in judicial procedure.—*W. U. T. Co. v. Favish,* 196 Ala. 4, 71 South. 183; *L. & N. R. R. Co. v. W. U. T. Co.,* 195 Ala. 124, 71 South. 118; Black's Law of Judicial Procedure, 182.

This is in consonance with the spirit of the act of 1915 (page 607) giving full plenary power to this court to adopt such rules to regulate the practice and proceeding in all the courts of the state, to furnish forms, to mold the procedure in all the courts from time to time as experience may demonstrate that the existing rules do not fully meet the ends of public justice, provided only that no act of the Legislature be changed, altered, or modified.

We have examined the other assignment of error challenging the ruling on the introduction of evidence, and find no reversible error committed by the trial court.

(1) Refused charges, 3, 4, 10, 11, 12, 16, and 24 directed a verdict for the defendant unless the plaintiff was struck at or near Henderson's crossing. There was evidence tending to show that plaintiff when the engine was in close proximity to him, wheeled and grasped the pilot, and was thus carried some distance, about 30 yards, beyond that crossing, when his hold gave

way and he fell under the engine, receiving his injury. There was no error in refusing these confusing charges.

(2) There was no error in refusing charges 6, 8, 12, and 13. Each involved the point that the plaintiff was a trespasser,. whereas there was direct evidence that he was on a public crossing when he received his injury.

(3) The twenty-sixth requested instruction was properly refused. The jury must be reasonably satisfied from a consideration of all the evidence.

(4, 5) Charges 5 and 7 predicate a verdict for the defendant. upon the failure of its fireman to see plaintiff, due to any cause, and the use of the words, "even though" in charge 7 would otherwise render the charge objectionable.—*Miller v. State*, 107 Ala. 40, 60, 19 South. 37.

(6, 7) A majority of the court, composed of ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., are of the opinion that count C in the alternative charges trespass against the servant, and it must be so construed against the pleader on demurrer, and charges case against the defendant railroad company. That this is a misjoinder not permissible in the same count as decided in the *Hanby* and *Francis Cases, supra.*

GARDNER, J., concurs in the opinion of THOMAS, J.

According to the majority view, the trial court erred in overruling the defendant's demurrer to count C, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE and SOMERVILLE,. JJ., concur. MAYFIELD, GARDNER, and THOMAS, JJ., dissent.

MAYFIELD, J.—I concur in most all that is said by Justice THOMAS in his opinion, and think it in the main a splendid and valuable opinion on the subjects treated. I fully agree with him in holding that the count in question was not subject to demurrer on account of the misjoinder of parties defendant. However, I cannot concur in the conclusion, nor subscribe to the doctrine that case and trespass can be joined in one and the same count, especially where there are two or more defendants that can be in case against one and in trespass against the other. Such a holding, to my mind, is a non sequitur; it is self-contradictory. If the count be in tort against two or more defendants, it of necessity declares jointly against each and all. If it declares against

one as for mere negligence, and against the other for a willful wrong, then it does not charge a joint wrong by all the defendants, but separate wrongs by each. The count cannot do both; it can do only the one or the other, because they are diametrical opposites.

The sole object and office of all pleadings is to arrive at an issue of fact or of law. How is it possible to ever arrive at such an issue, if a plaintiff is allowed to both affirm and deny, in the same count and in the same breath, a given fact? How is a defendant to answer such an allegation? For example, A., as plaintiff, alleges in one count that B. and C., defendants, jointly acted so as to injure plaintiff, and then says, No; you acted separately in injuring me. In other words, he is permitted to allege that the wrong complained of is a single and a joint wrong, committed jointly by B. and C., and then to say, No; it is two separate wrongs, one committed by B. and the other by C.

The sole object of separate counts is to make single and certain the issues, and yet decide several issues on the same trial. Each count is treated as a separate and distinct action, for the sole purpose of singleness and certainty in the issues to be tried. To show that any other system of pleading and practice is impracticable, as well as contrary to every theory and all logic of pleading, let us illustrate by applying the opposite system to the count in question: Grant that the count is in case so far as the railroad company or corporation is concerned, but is in trespass against the engineer. Then a plea of contributory negligence, or that plaintiff was a trespasser on the track, would be a defense to the whole action charged against the corporation, but no defense to the action charged against the engineer. The corporation could not plead such a defense, because it was sued jointly with the engineer. It could not plead separately, because sued jointly. If the wrong of the engineer was willful injury, he, of course, in addition to actual damages, would be liable for punitive damages, but the corporation only for actual damages. There could not be a verdict against each defendant for separate damages, because sued jointly. How, then, is the plaintiff to recover as for punitive damages, without recovering such from the corporation which is not liable therefor and against which such damages are not claimed?

The confusion of tongues and languages at the building of the famous tower was simplicity and harmony as compared with the

[Louisville & Nashville R. R. Co. v. Abernathy.]

results of such a system of pleading and practice in damage suit cases.

### ON REHEARING.

THOMAS, J.—The merits of the defendant's demurrers to count C have been carefully considered. Our respective views have been heretofore declared, and there has been no change of opinion in this regard.

(8) The point now urged for an affirmance of the judgment was not presented by counsel in their original brief, and is now pressed for the first time. We have, however, carefully examined the record, to ascertain if the trial court considered the demurrers as filed to the complaint as last amended and rendered judgment thereon.

The judgment entry of date November 23, 1914, recited the amendment of the complaint by striking therefrom Kotheimer, as a party defendant, and "otherwise, as appears by a separate paper writing on file and this day filed," and that "each of the defendant's demurrers to each count of the complaint as amended, separately and severally," was "by the court heard and considered" and overruled.

The complaint filled on June 26, 1914, contained one count, which claimed damages in $3,000 against the Louisville & Nashville Railroad Company, a body corporate, Phil C. Kotheimer, and Seymour Carleton; and on November 20, 1914, the complaint was amended by the addition of count 2. On November 23, 1914, the complaint was amended by striking therefrom as a party defendant Phil C. Kotheimer, by striking therefrom the words "three thousand" wherever the same occurred, and inserting in lieu thereof the words "one hundred thousand," and by adding counts A, B, and C. Amended counts A, B, and C, contain the name of Seymour Carleton alone, and claim damages in the sum of $100,000.

Defendant company's demurrers were first filed May 12, 1914; and on November 23, 1914, this defendant demurred to each count of the complaint as amended, separately and severally, on 18 grounds specifically set out, some of which were: That the defendant corporation was joined as a party defendant with Seymour Carleton, and that the count did not sufficiently show, save by conclusion of the pleader, how this defendant was responsible

for plaintiff's injury; that there was a misjoinder of parties defendant; that it did not appear therein that said wrongful conduct was a joint tort of the defendant; that there were joined with said action in case, against the defendant Louisville & Nashville Railroad Company an action in trespass against the other defendant, Seymour Carleton; that an action in case against one defendant was joined in an action in trespass against another defendant. Likewise grounds of demurrer 7, 8, 11, 16, and 18 name Seymour Carleton as a codefendant with said railroad company, but omit to name Phil C. Kotheimer.

It is clear, from an inspection of the complaint, of the demurrers, and of the judgment entry of the court, that the judgment of the court was upon the question of misjoinder so presented by the demurrers. This question was orally argued and also presented in brief, and was fully discussed in the opinion of the court, as well as in the dissenting opinion of Mr. Justice MAYFIELD, and that of Mr. Justice THOMAS, concurred in by Mr. Justice GARDNER.

That the demurrer is also indorsed, "Ratified in open court Nov. 24, 1914," in no wise discloses that the several grounds of demurrer numbered from 1 to 18, inclusive, were not in the exact form as filed on November 23, 1914, and then considered by the court and determined by its judgment of the latter date. Nor does this refiling of the demurrers disclose that count C in question was not a part of the separate paper writing on file and this day filed" (November 23, 1914), as recited in the judgment entry of the trial court.

The first assignment of error was: "The lower court erred in overruling appellant's demurrer to count C of the amended complaint."

Appellee's counsel, in brief filed on the submission of the cause, said: "Counsel for appellant stated to the Supreme Court in his oral argument that he did not desire to insist on any assignment of error other than the ruling of the trial court upon the demurrers to count C of the complaint as amended; that he desired to rest his appeal upon that assignment alone. This was not a waiver of anything of value. The other assignments of error are so palpably not well taken that to argue the same would be a reflection upon the intelligence of the court."

And the whole argument of appellee's counsel was directed to appellant's first assignment of error; and the opinions hereto-

fore filed discussed at length the question as presented by that. assignment.

We conclude that the application for a rehearing should be, and it is hereby, overruled. All the Justices concur, except: · SAYRE, J., not sitting.